UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.: 05-CV-2210(DC)

RENATO GUIMARAES, JR.,

    Plaintiff,
vs.

SPEISER, KRAUSE, NOLAN & GRANITO,
a professional corporation, f/k/a SPEISER,
KRAUSE, MADOLE & LEAR, a
professional corporation,

    Defendant.
_____/

## REPLY TO DEFENDANT'S COUNTERCLAIM

Plaintiff, RENATO GUIMARAES, JR. ("GUIMARAES"), by and through his undersigned counsel, files this Reply to Defendant's, SPEISER, KRAUSE, NOLAN & GRANITO, a professional corporation f/k/a SPEISER, KRAUSE, MADOLE & LEAR ("SPEISER, KRAUSE"), Counterclaim and alleges as follows:

1. Plaintiff admits so much of paragraph 1 of Defendant's Counterclaim as alleges that Dr. Wanderly Minitti ("Minitti") commenced an action against SPEISER, KRAUSE in the United States District Court for the Southern District of New York under Case No. 04-CV07976 (DC) (RLE) (the "Minitti Case"), and thereafter Minitti amended his complaint in the Minitti Case on or about January 6, 2005. Plaintiff admits that Exhibit "A" attached to the Defendant's Counterclaim appears to be Minitti's original Complaint. Plaintiff states that Exhibit "B" attached to the Defendant's Counterclaim appears to be Minitti's Amended Complaint.

2. Plaintiff denies the allegations contained in paragraph 2 of the Defendant's

Renato Guimaraes v. Speiser Krause<br>Case No.: 05-CV-2210(DC)

Counterclaim. Plaintiff refers the Court to Minitti's Amended Complaint for the true characterization of Minitti's claim against SPEISER, KRAUSE.

3. Plaintiff denies the allegations contained in paragraph 3 of the Defendant's Counterclaim.

4. Plaintiff denies the allegations contained in paragraph 4 of the Defendant's Counterclaim.

5. Plaintiff denies each and every allegation of the Defendant's Counterclaim not specifically admitted herein.

**AFFIRMATIVE DEFENSES TO COUNTERCLAIM FOR INDEMNITY**

1. As and for his first affirmative defense, Plaintiff alleges that Defendant fails to state a cause of action for indemnity because Defendant does not allege the existence of any special duty running from GUIMARAES to SPEISER, KRAUSE, which is an essential element of a cause of action for indemnity. On the contrary, in its entire pleading SPEISER, KRAUSE denies existence of any contractual or other legally implied relationship between GUIMARAES and SPEISER, KRAUSE.

2. As and for his second affirmative defense, Plaintiff alleges that Defendant fails to state a cause of action for indemnity because Defendant does not allege that GUIMARAES breached any duty that would give rise to the Defendant's right for indemnification, or that SPEISER, KRAUSE's injury would result from the Plaintiff's breach of such duty.

3. As and for his third affirmative defense, Plaintiff alleges that Defendant fails to state

Renato Guimaraes v. Speiser Krause<br>Case No.: 05-CV-2210(DC)

a cause of action for indemnity because it does not allege that SPEISER, KRAUSE was without fault.

4. As and for his fourth affirmative defense, Plaintiff alleges the defense of waiver. Since SPEISER, KRAUSE denies the existence of any contractual or other legally implied relationship between SPEISER, KRAUSE and GUIMARAES, Defendant has waived its right to assert the purported claim for indemnity.

5. As and for his fifth affirmative defense, Plaintiff alleges the defense of estoppel. Since SPEISER, KRAUSE denies the existence of any contractual or other legally implied relationship between SPEISER, KRAUSE and GUIMARAES, Defendant is estopped from asserting its right to the purported claim for indemnity.

6. As and for his sixth affirmative defense, Plaintiff alleges that the damages claimed by Defendant would be the result of SPEISER, KRAUSE's own conduct, and not the conduct of GUIMARAES.

7. As and for his seventh affirmative defense, Plaintiff alleges that the damages claimed by Defendant would be the result of the acts of third parties, including Minitti, and not due to the alleged conduct of the Plaintiff.

8. As and for his eighth affirmative defense, Plaintiff alleges the defense of unclean hands.

9. As and for his ninth affirmative defense, Plaintiff states that Defendant has not suffered any injury in fact.

10. As and for his tenth affirmative defense, Plaintiff alleges the defense of failure to

Renato Guimaraes v. Speiser Krause<br>
Case No.: 05-CV-2210(DC)

    mitigate damages.

11.    As and for his eleventh affirmative defense, Plaintiff alleges the defense of setoff.

WHEREFORE, Plaintiff, GUIMARAES, demands judgment in his favor on Defendant's Counterclaim together with the costs of this litigation and for such other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 25, 2005, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: **William J. Apuzzo, Attorney for Defendant, 800 Third Avenue, Suite 800, New York, NY 10022.**

Dated: April 25, 2005

                                                s/ Richard E. Berman
                                                Counsel of Record for Plaintiff

                                                Richard E. Berman, Esq. (RB–2715)
                                                Berman, Kean & Riguera, P.A.
                                                2101 W. Commercial Blvd., Suite 2800
                                                Ft. Lauderdale, FL 33301
                                                Telephone: (954) 735-0000

\\Server-01\REBData\Guimaraes, Renato\1147-001\Style\6656.wpd