# BERMAN, KEAN & RIGUERA, P.A.
## ATTORNEYS AT LAW

RICHARD E. BERMAN*
MICHAEL I. KEAN**
JOSE R. RIGUERA

ANGEL ARMAS•
ORION G. CALLISON III
CRISTINA E. GROSCHEL
BRIAN J. MCCARTHY+
ELENA WILDERMUTH

\* Also Admitted NY Bar
\*\* Also Admitted PA Bar
\+ Also Admitted NJ Bar
◦ Also Admitted AL Bar
• Also Admitted IL Bar
\*\*\* L.L.M. in Taxation

2101 WEST COMMERCIAL BOULEVARD
SUITE 2800
FT. LAUDERDALE, FLORIDA 33309

TELEPHONE: (954) 735-0000
TELECOPIER: (954) 735-3636

OF COUNSEL

VINCENT J. ALTINO, P.A.
ROBERT S. FORMAN, P.A.
JULIAN S. KACHMAR**



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/29/05

RECEIVED SEP 2 6 2005 JUDGE CHIN'S CHAMBERS

September 21, 2005

**Handwritten endorsement:** Application GRANTED, to the following extent. Any defendant that is a corporation or partnership (or other entity) may designate one representative, who may sit in on any and all depositions. All other employees, officers, principals of such entities shall be excluded. Any individual parties may attend all depositions. SO ORDERED. — DC 9/29/05

*Via Fax and U.S. Regular Mail*
The Honorable Denny Chin
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-9998

Re:  Renato Guimaraes v. Speiser Krause
     Case No.: 05-CV-2210(DC)

Dear Judge Chin:

The undersigned represents Renato Guimaraes in the above-referenced case pending before this Court. The purpose of this letter is to request an informal conference with the Court pursuant to Local Civil Rule 37.2 concerning a discovery dispute between the parties.

The parties have scheduled the depositions of a number of key witnesses during the period from October 6, 2005 through October 13, 2005. The deponents include Plaintiff, Wanerley Minitti who has sued Speiser Krause in a consolidated lawsuit, Plaintiff, Renato Guimaraes, and six (6) attorneys in the Speiser Krause law firm. Counsel for Speiser Krause has notified the undersigned that Speiser Krause intends to have each of its witnesses present in the room when other witnesses are being examined. We have notified opposing counsel that only Speiser Krause's designated representative for this litigation should be permitted to attend the depositions.

Pursuant to Federal Rule of Civil Procedure 26(c)(5), the Court may make any order which justice requires, including that discovery be conducted with no one present except persons designated by the Court. See Calhoun v. Mastic, Inc., 2004 W.L. 1570302 (W.D.N.Y. 2004). We are concerned that if all of the named deponents are permitted to remain in the room while other witnesses are being questioned, the knowledge gained might, consciously or subconsciously, alter their recollection

**MEMO ENDORSED**