UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
RENATO GUIMARAES, JR.,                              Case No. 05-CV-2210(DC)

                       Plaintiff,

          -against-                                             **NOTICE OF DEFENDANT'S**
                                                                  **MOTION TO AMEND ANSWER**

SPEISER, KRAUSE, NOLAN & GRANITO,
a professional corporation, f/k/a SPEISER,
KRAUSE, MADOLE & LEAR, a professional
corporation,
                     Defendant.
-------------------------------------------------------------X

       Defendant, Speiser Krause Nolan & Granito "Speiser Krause" by its attorneys, Apuzzo & Chase Pursuant to Federal Rules of Civil Procedure 13(f) and 15(a) moves for entry of an Oder allowing it to amend and serve its First Amended Answer herein. The instant motion is accompanied by the Defendant's proposed amendment, consisting of a second counterclaim and memorandum of law.

       The undersigned counsel hereby certifies that he has conferred with counsel for Plaintiff in order to obtain their consent to the proposed amendment of the Defendant's Answer. Plaintiff's counsel have not consented to such amendment, necessitating this motion.

       WHEREFORE, Speiser Krause respectfully requests the entry of an Order allowing the Amendment of its Answer, and granting such other, further or different relief as this Court may deem just or proper.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via fax and regular U.S. Mail this 10th day of August, 2006, to:

Berman, Kean & Riguera, P.A.
2101 W. Commercial Blvd.
Suite 2800
Ft. Lauderdale, FL 33309
Tel.:   (954)735-0000
Fax.:   (954)735-3636

                                        Apuzzo & Chase

By: _____
William J. Apuzzo, Esq. (WA-1312)
800 Third Avenue - 8th Floor
New York, NY 10022
(212) 297-0885

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Case No. 05-CV-2210(DC)

---

RENATO GUIMARAES, JR.,

Plaintiff,

-against-

SPEISER, KRAUSE, NOLAN & GRANITO, a professional corporation, f/k/a SPEISER, KRAUSE, MADOLE & LEAR, a professional corporation,

Defendant.

---

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS ANSWER**

---

Apuzzo & Chase
*Attorneys for Defendant*
800 Third Avenue, 8th Floor
New York, New York 10022
(212) 297-0885

---

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ... 2, 3

PRELIMINARY STATEMENT ... 4

FACTS ... 4

ARGUMENT ... 5

I.    DEFENDANT'S MOTION FOR LEAVE TO AMEND ITS ANSWER TO INCLUDE A COUNTERCLAIM FOR TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE SHOULD BE GRANTED ... 5

    A.    The Federal Rules of Civil Procedure Provide That Leave to Amend a Pleading to Add a Counterclaim Be Granted When "Justice So Requires" ... 5

    B.    The Factors Considered in Determining Whether Leave to Amend to Add an Additional Counterclaim Weigh in Favor of Granting Leave ... 7

        1. Defendant's Amended Counterclaim is Meritorious ... 7

        2. Plaintiff Will Not Be Prejudiced By the Proposed Counterclaim ... 7

        3. Defendant's Proposed Counterclaim is Compulsory ... 9

        4. Defendant Did Not Unduly Delay Moving For Leave to Amend ... 10

CONCLUSION ... 10

**TABLE OF AUTHORITIES**

*CASES*

*Assoc. Musicians of Greater N.Y. v. Parker Meridien*, 145 F.3d 85 (2d Cir. 1998) ... 6

*Bigda v. Fischbach Corp.*, 849 F.Supp. 895 (S.D.N.Y. 1994) ... 6, 8

*Block v. First Blood Assoc.*, 998 F.2d 344 (2d Cir. 1993) ... 8, 10

*Gabourel v. Bouchard Transportation Co., Inc.*, 901 F. Supp. 142 (S.D.N.Y. 1995) ... 5, 6, 7, 9

*Gabriel Capital, L.P. v. Natwest Finance, Inc.*, 137 F.Supp.2d 251 (S.D.N.Y. 2000) ... 5, 6

*Grupke v. Linda Lori Sportwear, Inc.*, 921 F.Supp. 987 (E.D.N.Y. 1996) ... 8, 10

*Foman v. Davis*, 371 U.S. 178 (1962) ... 6

*Four Seasons Solar Products Corp. v. Sun Systems Prefabricated Solar Greenhouses, Inc.*, 101 F.R.D. 292 (E.D.N.Y. 1983) ... 9

*Monahan v. N.Y.C. Dept. of Corrections*, 214 F.3d 275 (2d Cir. 2000), *cert. den.* 531 U.S. 1035, 148 L. Ed.2d 533, 121 S. Ct. 623 (2000) ... 6, 7, 8

*McAllister Brothers, Inc. v. Ocean Marine Indemnity Co.*, 742 F.Supp. 70 (S.D.N.Y. 1989) ... 6

*Purqess v. Sharrock*, 33 F.3d 134 (2d Cir.1994) ... 7

*Rachman Bag Co. v. Liberty Mutual Ins.*, 46 F.3d 230 (2d Cir. 1995) ... 6, 10

*Resorts and Motel Advancement Dev. Agency v. Sloan*, 160 F.R.D. 449 (S.D.N.Y. 1995) ... 8, 10

*Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647 (2d Cir. 1987) ... 10

*United States v. Aquavella*, 615 F.2d 12 (2d Cir. 1974) ... 9

*United States v. Continental Illinois National Bank and Trust Co. of Chicago*, 889 F.2d 1248 (2d Cir. 1989) ... 8

*STATUTES AND OTHER AUTHORITIES*

6 Wright, Miller & Kane, Federal Practice & Procedure, Civil 2d 1430 (2d ed. 1990) ... 9

Rule 13(a) of the Federal Rules of Civil Procedure ... 9

Rule 13(f) of the Federal Rules of Civil Procedure ... 4, 5

Rule 15(a) of the Federal Rules of Civil Procedure ... 4, 5, 6

## PRELIMINARY STATEMENT

Pursuant to Federal Rules of Civil Procedure 13(f) and 15(a), defendant Speiser, Krause, Nolan & Granito ("Speiser Krause") respectfully submits this Memorandun of Law in support of its motion for leave to amend its Answer to Renato Guimaraes, Jr.'s ("Guimaraes") Amended Complaint to include an additional counterclaim. The proposed Amended Answer is attached as Exhibit A.

## FACTS

The plaintiff Guimaraes is suing defendant Speiser Krause for legal fees he claims were earned as a result of an agreement with the defendant. Defendant earned legal fees as a result of settling cases arising from an aviation mass tort litigation from an aircraft crash in Brazil in 1996 ("the TAM Crash"). Plaintiff claims he is entitled to 25% of the fees received by defendant.

Defendant was retained by sixty-five claimants in the aircraft crash litigation. The defendant negotiated settlement offers from the TAM Crash defendants. Approximately forty-five claimants opted to settle. Guimaraes was opposed to the settlements and initiated a campaign against the plaintiff denouncing the firm and their work product. Guimaraes convinced four of Speiser Krause's clients to fire Speiser Krause and substitute the U.S. firm Herman & Mermelstein in 2004. Thereafter he convinced another two of Speiser Krause's clients to fire Speiser Krause and retain the law firm of Engstrom & Lack. This past week, we were informed that Guimaraes convinced a seventh client to fire Speiser Krause and retain Engstrom, Lipscomb & Lack. Yesterday, on August 10, 2006, plaintiff finally served defendant with a privilege log which evidences that eight former Speiser Krause clients are now represented by Engstrom, Lipscomb & Lack. Defendant has served notice of a charging lien in these cases.

It is not certain whether the charging lien will be enforceable without additional costly litigation. The prospective economic advantage for Speiser Krause if it had retained these clients would have been fees in excess of $800,000. But for the plaintiff's continual tortious interference in the relationship between Speiser Krause and its clients as represented by their retainer agreements, this counterclaim would not have accrued.

The defendant Speiser Krause made a good faith effort to resolve this issue with plaintiff, but plaintiff has refused to stipulate to amendment of the answer. The defendant Speiser Krause's claim is meritorious. Plaintiff is not prejudiced by the amendment of the answer. No additional discovery will be required. The counterclaim arises from the same facts and justice will be served by allowing the same in this proceeding.

## ARGUMENT

### II. DEFENDANT'S MOTION FOR LEAVE TO AMEND ITS ANSWER TO INCLUDE A COUNTERCLAIM FOR TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE SHOULD BE GRANTED

#### A. The Federal Rules of Civil Procedure Provide That Leave to Amend a Pleading to Add a Counterclaim Be Granted When "Justice So Requires"

Pursuant to Rule 13(f) of the Federal Rules of Civil Procedure courts may allow a party to raise an omitted counterclaim by amendment when "justice so requires." Fed. R.Civ.P. 13(f). Courts are required to read Rule 13(f) together with Rule 15(a), which provides that leave to amend a pleading "shall be freely given when justice so requires." *Gabourel v. Bouchard Transportation Co., Inc.*, 901 F. Supp. 142, 144 (S.D.N.Y. 1995). While the decision to grant leave to amend is committed to the sound discretion of the trial court, refusal to grant a motion for leave to amend must be justified. *Gabriel Capital, L.P. v. Natwest Finance, Inc.*, 137

5

F.Supp.2d 251, 270 (S.D.N.Y. 2000) ("refusal to grant leave must be based on solid ground"); *McAllister Brothers, Inc. v. Ocean Marine Indemnity Co.*, 742 F.Supp. 70, 80 (S.D.N.Y. 1989) ("[u]nless there is good reason to deny a motion to amend, failure to grant it is an abuse of discretion.").

In *Foman v. Davis*, 371 U.S. 178, 181-182 (1962), the Supreme Court enunciated the general standard to be employed when applying Rule 15(a): In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be "freely given."

This standard has been employed repeatedly in the Second Circuit. *See Monahan v. N.Y.C. Dept. of Corrections*, 214 F.3d 275, 283 (2d Cir. 2000), *cert. den.* 531 U.S. 1035, 148 L. Ed.2d 533, 121 S. Ct. 623 (2000); *Assoc. Musicians of Greater N.Y. v. Parker Meridien*, 145 F.3d 85, 89 (2d Cir. 1998); *Rachman Bag Co. v. Liberty Mutual Ins.*, 46 F.3d 230, 234 (2d Cir. 1995).

Additionally, in determining whether to grant leave to amend a pleading to add an additional counterclaim, the Southern District considers the following factors: (1) whether the counterclaim is compulsory; (2) whether the pleader has acted in good faith and has not unduly delayed filing the counterclaim; (3) whether undue prejudice would result to plaintiff; and (4) whether the proposed counterclaim is viable. *Gabourel*, 901 F.Supp. at 144; *Bigda v. Fischbach Corp.*, 849 F.Supp. 895, 906 (S.D.N.Y. 1994). In the present action, these factors weigh in favor of granting Speiser Krause leave to amend its Answer to add an additional counterclaim.

6

### B. The Factors Considered in Determining Whether Leave to Amend to Add an Additional Counterclaim Weigh in Favor of Granting Leave

#### 1. Defendant's Amended Counterclaim is Meritorious

In considering whether a proposed counterclaim is meritorious, the court should apply the standards applicable on a motion to dismiss. *Gabourel*, 901 F. Supp. at 144. Thus, the proposed counterclaim should be construed in the light most favorable to the moving party and leave to add the counterclaim should be denied only if the moving party can demonstrate no set of facts supporting the proposed claim that would entitle the party to relief. *Id.*

In order to state a claim for tortious interference with prospective business advantage, Speiser Krause must show: (1) business relations with a third party; (2) Guimaraes' interference with those business relations; (3) that Guimaraes acted with the sole purpose of harming Speiser Krause or used dishonest, unfair or improper means; and (4) injury to the relationship." *Purqess v. Sharrock*, 33 F.3d 134, 141 (2d Cir.1994).

In its proposed counterclaim, Speiser Krause alleges an ongoing business relationship with sixty-five clients, all of whom retained Speiser Krause to represent them in the mass tort action resulting from the TAM crash. Speiser Krause alleges that Guimaraes dishonestly, unfairly and improperly interfered with the business relationship. This interference was the cause of at least eight clients firing Speiser Krause and hiring counsel suggested by the plaintiff. Accordingly, the court should grant Speiser Krause leave to amend its answer.

#### 2. Plaintiff Will Not Be Prejudiced By the Proposed Counterclaim

Courts are hesitant to allow amendments where doing so would unfairly surprise the adverse party and impede the fair prosecution of the claim. *Monahan v. N.Y.C. Dept. of Corrections*, 214 F.3d 275, 284 (2d Cir. 2000). However, where the adverse party has notice of

the facts giving rise to the claim, courts have granted leave to amend. *Id.* (upholding district court's decision to allow defense of res judicata to be asserted for first time on summary judgment where plaintiffs' counsel had knowledge of facts giving rise to the defense twelve months prior to motion); *Block v. First Blood Assoc.*, 998 F.2d 344, 351 (2d Cir. 1993) (permitting defendant to assert an affirmative defense in its motion for summary judgment four years after the complaint was filed because plaintiffs had knowledge of facts giving rise to the defense); *Gabourel*, 901 F.Supp. at 145 (permitting defendant to add counterclaim for negligence where defendant pleaded defense of comparative negligence giving plaintiff notice that defendant alleged that plaintiff was partly responsible for the incident).

Another factor courts look at in determining whether the adverse party will be prejudiced is whether additional discovery will be necessary and whether such discovery will require significant additional expense or substantially delay the case. *Grupke v. Linda Lori Sportwear, Inc.*, 921 F.Supp. 987, 993 (E.D.N.Y. 1996). However, "the adverse party's burden of undertaking discovery, alone, does not suffice to warrant denial of a motion to amend a pleading." *Resorts and Motel Advancement Dev. Agency v. Sloan*, 160 F.R.D. 449, 451 (S.D.N.Y. 1995) *quoting United States v. Continental Illinois National Bank and Trust Co. of Chicago*, 889 F.2d 1248, 1255 (2d Cir. 1989). Moreover, courts may limit the time and scope of the discovery extension thereby curtailing further expenses and delay. *Bigda*, 849 F. Supp. at 907 (granting leave to amend answer to add an additional counterclaim and re-opening discovery limited to areas relevant to the counterclaim). Accordingly, plaintiff would not be unduly prejudiced by the proposed fraud counterclaim and the court should grant defendant's leave to amend its Answer.

Here, permitting Speiser Krause to amend its Answer to include the proposed counterclaim would not result in unfair surprise to Guimaraes and it would not result in

8

additional discovery. The depositions of the Herman & Mermelstein law firm and the Engstrom, Lipscomb & Lack law firm, the substituting attorneys, have been completed. Accordingly, Guimaraes would not be unduly prejudiced by the proposed counterclaim and the court should grant Speiser Krause leave to amend its Answer.

### 3. Defendant's Proposed Counterclaim is Compulsory

Generally, courts favor granting leave to amend an answer to add an additional counterclaim where the counterclaim is compulsory. *Gabourel*, 901 F. Supp. at 145; *Bigda*, 849 F. Supp. at 906; *Four Seasons Solar Products Corp. v. Sun Systems Prefabricated Solar Greenhouses, Inc.*, 101 F.R.D. 292, 294 (E.D.N.Y. 1983). Where a proposed counterclaim is compulsory, the reasons for granting leave to amend are persuasive because an omitted compulsory counterclaim cannot be asserted in a subsequent action and the party thereby loses the opportunity to have the claim adjudicated. See 6 Wright, Miller & Kane, Federal Practice & Procedure, Civil 2d §§ 1430, p. 223 (2d ed. 1990). Since a compulsory counterclaim will be forever barred if it is not asserted in the pending action, courts have held that justice requires leave to amend be granted. *Four Seasons Solar Products*, 101 F.R.D. at 294.

Here, defendant's proposed counterclaim is compulsory. Fed. R. Civ. Pro. 13(a) (counterclaim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim."); *see also United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1974) (holding that counterclaim is compulsory if it bears logical relationship to the main claim). Accordingly, defendant will be barred from asserting this claim in a subsequent action and, therefore, justice requires that leave to amend be granted.

9

### 4. Defendant Did Not Unduly Delay Moving For Leave to Amend

The Second Circuit has held that delay alone does not warrant denial of a motion to amend. *See Rachman Bag*, 46 F.3d at 234; *Block*, 988 F.2d at 350 ("[m]ere delay, absent a showing of bad faith or undue prejudice, does not justify denial of leave to amend."). Rather, to prevent a motion for leave to amend the delay must be accompanied by bad faith, prejudice or futility. *Rachman Bag*, 46 F.3d at 234; *Resorts and Motel Advancement Dev. Agency v. Sloan*, 160 F.R.D. 449 (S.D.N.Y. 1995) ("delay must be accompanied by either bad faith, prejudice, or futility to warrant denying [a party] the opportunity to test its claim on the merits."). Here, defendant has not unreasonably delayed in moving for leave to amend its Answer.

Moreover, Courts routinely give leave to assert claims after years of litigation. *Rachman Bag*, 46 F.3d at 234 (granting leave to amend four years after complaint was filed); *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n. 6 (2d Cir. 1987) (gathering cases permitting leave to amend after delays ranging from three to five years); *Grupke*, 921 F. Supp. 987 (granting leave to assert counterclaim two years after the action began).

### CONCLUSION

Based on the foregoing, defendant Speiser Krause's Motion for Leave to Amend its Answer to assert an additional Counterclaim should be granted.

Dated: New York, New York
       August 10, 2006

Yours, Etc.,
Apuzzo & Chase

By: *[signature]*
William T. Apuzzo (WA1342)
Attorney for Defendant
800 Third Avenue, Suite 800
New York, NY 10022
(212) 297-0885

To:  Berman, Kean & Riguera, P.A.
     2101 W. Commercial Blvd.
     Suite 4100
     Fort Lauderdale, FL 33309
     (954) 735-0000

## As And For A Second Counterclaim For

## Tortious Interference With Prospective Business Advantage

5. Speiser Krause developed a business relationship with sixty-five claimants resulting from the TAM aircraft crash in Brazil in 1997.

6. In 1998 these claimants ("the TAM clients") retained Speiser Krause to represent them in the legal action.

7. The agreements between Speiser Krause and the TAM clients provided that Speiser Krause would earn a fee contingent upon a monetary recovery by the clients, plus expenses.

8. The fee of Speiser Krause was computed as 25% of the gross amount recovered plus expenses which would be capped at 2%.

9. Guimaraes was fully aware of the business relationship between Speiser Krause and their TAM clients.

10. Speiser Krause initiated litigation on behalf of its clients over the ensuing years to date and expended and continues to expend great sums of money to obtain a favorable result for its clients.

11. In 2000, Speiser Krause negotiated settlement offers for all of its clients.

12. In 2000, Guimaraes advised the TAM clients not to accept the offers.

13. Guimaraes dishonestly, unfairly, unlawfully and improperly contacted the TAM clients and misrepresented that the settlement offers negotiated by Speiser Krause were unlawful.

14. Guimaraes knew, or should have with reasonable diligence known, that the offers were not unlawful.

15. Guimaraes knew that the statements he made to the TAM clients were false and fraudulent.

16. Guimaraes dishonestly, unfairly, unlawfully and improperly contacted the TAM clients and misrepresented that the Federal Bureau of Investigation was investigating Speiser Krause.

17. Guimaraes dishonestly, unfairly, unlawfully and improperly attacked the character and credibility of Speiser Krause in the media and in documents published to the TAM clients.

18. Guimaraes dishonestly, unfairly, unlawfully and improperly contacted the TAM clients and misrepresented that Speiser Krause was reprimanded in New York courts for not acting in their client's interests.

19. Guimaraes dishonestly, unfairly, unlawfully and improperly libeled Speiser Krause.

20. For his own economic self-interests and with the intent of injuring Speiser Krause, Guimaraes contacted the TAM clients for the purpose of interfering with the business relationship.

21. Guimaraes's conduct as aforesaid was calculated with the intent and purpose of improperly interfering with Speiser Krause's prospective and advantageous business relations, inducing or otherwise causing claimants not to continue with prospective and advantageous business relations with Speiser Krause.

22. Guimaraes solicited several law firms, including Podhurst, Herman & Mermelstein and Engstrom, Lipscomb & Lack for the purpose of convincing TAM clients to discharge Speiser Krause and substitute them with these new lawyers.

23. As a direct and proximate result, at least eight of Speiser Krause's clients relied upon the deceptive acts, defamatory statements and material misrepresentations of fact made by Guimaraes and discharged Speiser Krause, and substituted them with new lawyers recommended by Guimaraes.

24. The acts of Guimaraes continue to date causing TAM clients who have not yet settled their cases to suspect Speiser Krause of wrongdoing.

25. That by virtue of the foregoing, Guimaraes has intentionally, unlawfully and maliciously

interfered with the Speiser Krause's existing and prospective advantageous relationships with the TAM clients, causing it to suffer damages in the nature of lost revenues, lost stature and lost credibility in an amount to be proven at trial but not less than Two Million ($2,000,000) Dollars.

WHEREFORE, Spesier Krause respectfully prays for a judgment dismissing the Complaint and on its first counterclaim that if any judgment is rendered against the Defendant as a result of the Minitti Complaint, that the plaintiff be required to indemnify Speiser Krause and on its second counterclaim that Speiser Krause be awarded damages due to Guimaraes's tortious interference with prospective business advantage with the TAM clients and for such other and further relief as to this Court seems just, plus the costs and disbursements of this action.

Dated: New York, New York
       August, 10, 2006

Yours, Etc.,
Apuzzo & Chase, LLC

By: _____
William J. Apuzzo (WA-1312)
Attorney for Defendant
800 Third Avenue - Suite 800
New York, NY 10022
(212) 297-0885

*UNITED STATES DISTRICT COURT*
*FOR THE SOUTHERN DISTRICT OF NEW YORK*

*CASE No 2210-CV-2005*

RENATO GUIMARAES, JR.,

Plaintiff,

-against-

SPEISER, KRAUSE, NOLAN & GRANITO, a professional corporation, f/k/a SPEISER, KRAUSE, MADOLE & LEAR, a professional corporation,

Defendant.

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO AMEND ITS ANSWER**

APUZZO & CHASE

*Attorneys for Defendant*

800 Third Avenue - Suite 800
New York, New York 10022
(212) 297-0885

*Dated:* August 10, 2006

Signed ............................
WILLIAM J. APUZZO

To:

*Attorneys(s) For*

*Service of a copy of the within*      *is hereby admitted*

*Dated:*
................................
*Attorney(s) for*