UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.: 05-CV-2210(DC)

RENATO GUIMARAES, JR.,

    Plaintiff,

vs.

SPEISER, KRAUSE, NOLAN & GRANITO,
a professional corporation, f/k/a SPEISER,
KRAUSE, MADOLE & LEAR, a professional
corporation,

    Defendant.
_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO AMEND ANSWER AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, RENATO GUIMARAES, JR., (hereinafter "Plaintiff"), by and through undersigned counsel, hereby files his Response to Defendant's Memorandum of Law in Support of Its Motion for Leave to Amend Answer and states as follows:

### INTRODUCTION

Plaintiff filed this action against Speiser Krause in November 2004 to recover his contractual share of the fees collected and retained by Speiser Krause from the joint representation of 65 clients in Brazil whose family members perished in a TAM airlines crash in Sao Paolo, Brazil on October 31, 1996. The parties have been engaged in discovery for 1 ½ years, which has included the exchange of thousands of pages of documents, and the taking of numerous depositions in New York, Miami and California. On August 11, 2006, the Court advised the parties that discovery in this matter has been closed, and that the deadline for filing dispositive motions shall be September 22, 2006.

On August 10, 2006, nearly 19 months after the commencement of this litigation, Speiser Krause filed its Motion to Amend Answer, seeking for the first time to add a counterclaim alleging that Plaintiff tortiously interfered with Speiser Krause's relationship with certain clients who rejected the settlement proposal negotiated by Speiser Krause by recommending that those clients hire other counsel.  Speiser Krause's recitation of the 'facts' clearly indicates they possessed knowledge of the actions purportedly giving rise to this claim prior to the commencement of this lawsuit; accordingly, Speiser Krause can offer no credible explanation for the extreme tardiness of this motion.

The Motion to Amend should be denied because it is untimely, would unfairly prejudice the Plaintiff, and would serve to further delay the final disposition of this action.  Furthermore, the Motion should be denied because it seeks to add a claim which does not have a likelihood of success on the merits, rendering the Motion an exercise in futility.

## MEMORANDUM OF LAW

**I.  DEFENDANT'S MOTION FOR LEAVE TO AMEND SHOULD BE DENIED BECAUSE IT IS UNTIMELY, THERE IS NO EXPLANATION FOR THE DELAY, AND IT WOULD UNDULY PREJUDICE THE DEFENDANT**

"The court has discretion to deny leave to amend 'where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice' other parties." *Grace v. Rosenstock,* 228 F.3d 40, 54 (2nd Cir. 2000) *quoting Creswell v. Sullivan & Cromwell,* 922 F.2d 60, 72 (2nd Cir. 1990).  Furthermore, the burden is on the moving party to provide a satisfactory explanation for the delay. *Cresswell,* 922 F.2d at 72*. See also Sanders v. Thrall Car Mfg. Co.,* 582 F.Supp. 945 (S.D.N.Y. 1983), *aff'd,* 730 F.2d 910 (2nd Cir 1984)(court properly denied leave to amend where the plaintiff waited a considerable time before seeking leave to amend and failed to provide a valid reason for his neglect and delay).

### A. Speiser Krause's Inordinate and Unjustified Delay in Seeking to Amend the Answer Favors Denial of the Motion to Amend.

Plaintiff files his Complaint in November 2004. Speiser Krause answered the Complaint in March 2005. Speiser Krause's recitation of the 'facts' in its Motion For Leave to Amend alleges that Plaintiff convinced four of Speiser Krause's clients to fire that firm and to retain other counsel in 2004, and thereafter convinced another two of its clients to hire another law firm. Importantly, Speiser Krause does not (and cannot) allege that it was unaware of these facts until recently. This is because Speiser Krause was well aware of the actions purportedly giving rise to this purported tortious interference claim at the time they occurred, which was well before the commencement of this lawsuit, yet inexplicably allowed more than 17 months after the filing of its answer, and for discovery in the case to be closed, before seeking leave to amend the answer to add this counterclaim.

In *Cresswell v. Sullivan & Cromwell,* the Court upheld the District Court's denial of leave to amend where the plaintiff had prior knowledge of the facts giving rise to the claim they sought to add, but waited until 17 months from the date of the commencement of the action, and after discovery had been completed, to seek the amendment. *Cresswell*, 922 F.2d at 72. The court found this lapse of time constituted an inordinate delay for which plaintiff offered no excuse, and that defendant would be prejudiced by the delay itself were the motion to be granted. *Id.*

Similarly, in the case before this Court, Speiser Krause has offered no explanation whatsoever in its Motion as to the reason for its 17 month delay in seeking redress for this claim, other than to assert in conclusory terms, that "defendant has not unreasonably delayed in moving or leave to amend its Answer." *See* Motion at p. 10. Thus, Defendant has failed to meet its burden to provide a satisfactory reason for the delay. *Cresswell,* 922 F.2d at 72.

The District Court was faced with an analogous situation in *Sala v. Gates Const. Co.,* 155 F.R.D. 414 (E.D.N.Y. 1994), where a plaintiff sought leave to amend his complaint in order to add a new claim two years after the action was filed, yet the facts giving rise to the new claim were known to plaintiff at the inception of the lawsuit. As in the instant action, no reason was offered for the delay. The Court denied the motion, noting that "[i]t remains a mystery as to why Plaintiff did not assert this theory before the completion of discovery…. It would not appear that this theory depended on the discovery of various facts but instead would have been apparent from the time of injury." *Id* at 415.

Accordingly, Plaintiff requests that the Court deny Speiser Krause's Motion to Amend due to its inordinate, unjustified, and unexplained delay.

### B. The Proposed Amendment will Unduly Prejudice Plaintiff.

In determining whether allowing a proposed amendment will be prejudicial, the court must consider "whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Associates,* 988 F.2d 344, 350 (2nd Cir. 1993). Furthermore, "the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Id.* at 350, *quoting Evans v. Syracuse City Sch. Dist.,* 704 F.2d 44, 47 (2nd Cir. 1983). Indeed, the delay itself can constitute sufficient prejudice to the nonmoving party so as to support the denial of an amendment. *Cresswell,* 922. F.2d at 72. Plaintiff would be unduly prejudiced by the granting of this motion because additional discovery would be necessary. As aforesaid, discovery closed on August 11th, 2006, spanned over 1 1/2 years, and involved the exchange of thousands of pages of documents along with the taking of

numerous depositions. Discovery focused only on the claims and defenses asserted to date. Speiser Krause now seeks to introduce a new counterclaim which would require additional discovery relevant to the issue of tortious interference; additional documentation would necessarily be exchanged and additional depositions would be necessary of both previously deposed witnesses and possibly additional witnesses who have not been deposed to focus on the new issues introduced by the amended counterclaim. *See Grace v. Rosenstock,* 228 F.2d 40, 53-54 (2nd Cir. 2000) (a court has discretion to deny leave to amend "where the belated motion would unduly delay the course of proceedings by, for example, introducing new issues for discovery"); *Sala,* 155 F.R.D. at 415 (leave to amend denied where the amendment would introduce new issues that would necessitate additional discovery).

The Court has stated that "[o]ne of the most important considerations in determining whether [an] amendment to pleadings would be prejudicial is [the] degree to which it would delay [the] final disposition of the action, and proposed amendment is especially prejudicial when discovery has already been completed…." *Krumme v. WestPoint Stevens Inc.,* 143 F.3d 71 (2nd Cir. 1998). To allow this counterclaim at this late stage would only serve to impose added expenses on each side along with delaying the disposition of this case.

Furthermore, denial of the Motion would not result in undue prejudice to Speiser Krause's rights. As admitted in the Motion, Speiser Krause has asserted a lien relative to the cases that are pending in California, the very same claims upon which it now seeks to assert its claim for tortuous interference. To the extent Speiser Krause is entitled to fees for its representation of those clients prior to being terminated, it will be entitled to enforce its lien rights in those cases at the appropriate time.

The added expense to the parties, additional discovery that would be required, and delay that would be imposed justify the denial of leave to amend at this late stage of the case.

## II. DEFENDANTS' MOTION FOR LEAVE TO AMEND SHOULD BE DENIED BASED UPON ITS FUTILITY

An additional ground for the denial of a Motion is that it seeks to add a claim which would not succeed, rendering the Motion an exercise in futility. "[T]he district court has the discretion to deny leave if there is a good reason for it, such as futility." *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 92 L.Ed.2d 222 (1962). *See also Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003)(it is "well established that leave to amend a complaint need not be granted when amendment would be futile"); *Jin v. Metropolitan Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002)(a district court has discretion to deny leave to amend a complaint "if there is a good reason for it, such as futility"); *Smith v. CPC Intern., Inc.*, 104 F.Supp.2d 272 (S.D.N.Y. 2000)(amendment to a pleading may be denied if the amended claim would be futile); *Bank of New York v. Sasson*, 786 F.Supp. 349 (S.D.N.Y. 1992)(leave to replead to assert a counterclaim should be denied if the proposed counterclaim is meritless and thus would prove futile).

It is well settled that a claim for tortious interference cannot be raised against a defendant who is a party to the contract to which interference has allegedly occurred. *NAS Electronics, Inc. v. Transtech Electronics PTE LTD.*, 262 F.Supp.2d 134 (S.D.N.Y. 2003); *Kosson v. Algaze,* 203 A.D.2d 112, 610 N.Y.S.2d 227 (1994); *Shred-It USA, Inc. v. Mobile Data Shred, Inc.*, 202 F.Supp.2d 228 (S.D.N.Y. 2002); *Koret, Inc. v. Christian Dior, S.A.*, 161 A.D.2d 156, 554 N.Y.S.2d 867 (1990).

Speiser Krause seeks to add a counterclaim for tortious interference with its contractual relationships with the clients in the underlying TAM litigation. However, Plaintiff was also a party to those contracts, having jointly represented those same TAM clients together with Speiser

6

Krause for more than 3 years. It thus follows that Speiser Krause can maintain no meritorious tortious interference claim against Plaintiff and the Motion for Leave to Amend should be denied on the grounds of futility.

Finally, it is settled that a client may discharge an attorney at any time, with or without cause. *Cohen v. Grainger, Tesoriero & Bell*, 622 N.E.2d 288, 81 N.Y.2d 655, 658 (1993); *Campagnola v. Mulholland, Minion & Roe*, 555 N.E.2d 611, 76 N.Y.2d 38 (1990). Thus, the TAM clients were free to terminate Speiser Krause at any time. Speiser Krause's remedy in this situation is to assert a charging lien with respect to those clients' cases, which Speiser Krause claims it has already done.

## CONCLUSION

Accordingly, based upon the foregoing, it is respectfully submitted that Defendant's Motion for Leave to Amend Answer should be denied in its entirety.

> **BERMAN KEAN & RIGUERA, P.A.**
> Attorneys for Plaintiff
> 2101 W. Commercial Blvd., Suite 2800
> Fort Lauderdale, FL 33309
> (954) 735-0000; (954) 735-3636 Facsimile
>
> By: \_\_\_\_\_S/_____
>   Richard E. Berman
>   RB2715
>   Jose R. Riguera
>   Florida Bar No. 860905

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via fax and U.S. Regular Mail, this 25th day of August, 2006, to:

William J. Apuzzo, Esq.
Apuzzo & Chase, LLC
800 Third Avenue, Suite 800
New York, NY 10022

                            **BERMAN, KEAN & RIGUERA, P.A.**

                    By: _____S/_____
                            Richard E. Berman
                            RB2715