UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.: 05-CV-2210(DC)
THE HONORABLE DENNY CHIN

RENATO GUIMARAES, JR.,

Plaintiff,

vs.

SPEISER, KRAUSE, NOLAN & GRANITO, a professional corporation f/k/a SPEISER, KRAUSE, MADOLE & LEAR, a professional corporation,

Defendant.
_____________________________________/

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S REPLY IN SUPPORT OF MOTION TO AMEND ANSWER**

Plaintiff, RENATO GUIMARAES, JR. ("Guimaraes"), by and through the undersigned counsel, and pursuant to Rule 6.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, moves to strike the Defendant's Reply in Support of Motion to Amend Answer, because it was not timely filed.

1. On August 25, 2006, Plaintiff timely filed and served its Response in Opposition to Defendant's Motion to Amend Answer and Incorporated Memorandum of Law.

2. Local Rule 6.1 provides:

> (b) On all civil motions, petitions, applications, and exceptions other than those described in Rule 6.1(a), and other than petitions for writs of habeus corpus ... (3) any reply affidavits and memoranda of law shall be served within five business days after service of the answering papers.

3. Accordingly, Defendant's Reply was due by no later than September 1, 2006.

4. Instead, Speiser Krause filed its Reply on September 11, 2006. Furthermore, Speiser Krause did not seek or obtain an extension of time to file its Reply beyond the deadline.

5. Based on the foregoing, the Court should disregard the Reply as untimely pursuant to Local Rule 6.1. See *In re United States Lines, Inc.*, 2006 WL 1559237 (S.D.N.Y. June 7, 2006), citing *Chieco v. International Brotherhood of Teamsters,* 175 F.R.D. 467, 469 (S.D.N.Y. 1997)(court refused to consider supplemental memorandum that was not timely filed); *Investor's Guaranty Fund, Ltd. V. Morgan Stanley & Co., Inc.*, 1996 WL 906577 (S.D.N.Y. Dec. 29, 1998)(motion to supplement record denied as untimely under Local Rule 6.1(b)).

6. In any event, Defendant has still failed to adequately explain or justify its delay in seeking to add the counterclaim at this late stage. Defendant was already aware as far back as 2004 that it had been fired by several TAM clients who retained other law firms to pursue their claims. Therefore, Plaintiff's purported "dishonesty and unfair tactics"[1] regarding discovery as alleged by Defendant cannot justify their delay in seeking this amendment. Plaintiff further notes that Defendant conveniently ignores its own failures to respond to Plaintiff's discovery requests, as detailed in Plaintiff's previously filed Motion to Compel Discovery.

WHEREFORE, Guimaraes respectfully requests the entry of an Order striking the Defendant's Reply, denying the Defendants Motion to Amend, and granting such further relief as the Court deems just and proper.

[1] There has been no such finding by the Court in this action.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing document has been electronically filed and a true and correct copy of the foregoing was also sent via fax and U.S. Regular Mail, this 14th day of September, 2006, to:

William J. Apuzzo, Esq.
Apuzzo & Chase, LLC
800 Third Avenue, Suite 800
New York, NY 10022

**BERMAN, KEAN & RIGUERA, P.A.**
2101 W. Commercial Blvd.
Suite 2800
Fort Lauderdale, FL 33309
Telephone: (954) 735-0000
Facsimile: (954) 735-3636

By: s/ Richard E. Berman
Richard E. Berman
RB2715
Jose R. Riguera
Florida Bar No.: 860905

\\Server-MS\REBData\Guimaraes, Renato\1147-001\Style\19079.wpd