**DEFENDANT-MOVANT'S STATEMENT PURSUANT TO LOCAL CIVIL RULE 56.1**

1. Plaintiff, Renato Guimaraes, Jr., is a Brazilian Attorney. First Amended Complaint at ¶1.

2. At all times relevant to this litigation, plaintiff was a sole practitioner. Guimaraes 11/2/05 Dep., p. 164, l. 14 - p. 165 l. 22.

3. Defendant, Speiser Krause Nolan & Granito ("Speiser Krause") is a professional corporation engaged in the practice of law in the United States of America. First Amended Complaint at ¶2.

4. Speiser Krause's practice consists primarily of aviation-related tort litigation. First Amended Complaint at ¶2.

5. On October 31, 1996, a passenger jet operated by Transportes Aeres Regionais, SA airlines crashed killing 99 persons. The aircraft was manufactured by Fokker, BV, a European company, and components of the aircraft were manufactured by Northrop Grumman Corporation, a United States Corporation. First Amended Complaint at ¶¶6-7.

6. Subsequent to the air crash, plaintiff contacted Speiser Krause on behalf of several families of the victims aboard the flight ("TAM clients") for the purpose of pursuing damage claims in the United States against parties liable. First Amended Complaint at ¶8.

7. In December 1996, plaintiff met with Arthur Ballen, a Speiser Krause attorney, at his home in Florida. First Amended Complaint at ¶9.

8. At the meeting in Florida in December 1996, plaintiff and Arthur Ballen discussed the possibility of legal representation of the families of the victims of the TAM air crash. First Amended Complaint at ¶9

9. Plaintiff left the December 1996 meeting without an agreement with Speiser Krause regarding fee-division between himself and Speiser Krause in connection with the representation of any potential TAM clients. Guimaraes 11/17/05 Dep., p.13.

10. Plaintiff left the December 1996 meeting without an agreement with Speiser Krause regarding relative responsibilities concerning cooperating in representing families of the victims of the TAM air crash. Guimaraes 11/17/05 Dep., p. 15.

11. On February 5, 1997, Gerard Lear, a Speiser Krause attorney, faxed a letter to plaintiff. A copy of this letter is attached as Exhibit 1 to plaintiff's Complaint herein, and is a true and accurate copy. First Amended Complaint at ¶10, Exh.1.

12. The text of Gerard Lear's February 5, 1997 fax refers to "Brazilian Counsel" and "their services." First Amended Complaint at Exh. 1.

13. The word "their" is a plural possessive pronoun.

14. Speiser Krause agreed to represent TAM clients in connection with the TAM air crash pursuant to written retainer agreements. Apuzzo Aff., Exh. S.

15. On May 23, 1997, Speiser Krause delivered a document to plaintiff in Brazil. A true and accurate copy of this document is annexed as Exhibit to the Complaint. First Amended Complaint at ¶14, Exh.2.

16. Speiser Krause was retained by 65 Brazilian TAM clients to recover money damages on their behalf. First Amended Complaint at ¶16; Apuzzo Aff., Exh. S.

17. On some of Speiser Krause's retainer agreements, plaintiff's name also appears. Apuzzo Aff. Exh. S; First Amended Complaint ¶16.

18. On August 11, 1997, Speiser Krause reduced it's contingency fee under its retainers with its TAM clients from 33⅓% to 25%, by transmitting a letter to that effect. A copy of this letter is annexed to the Complaint as Exhibit 3, and is a true and accurate copy. First Amended Complaint at ¶16, 17, Exh. 3.

19. Speiser Krause initiated lawsuits on behalf of its TAM clients in the State courts of New York and California. First Amended Complaint at ¶19.

20. The California actions were consolidated. First Amended Complaint at ¶20.

21. The consolidated California case was dismissed on *forum non conveniens* grounds, but entry of the order dismissing the case was stayed pending settlement or the outcome of parallel litigation pending in Brazil. First Amended Complaint at ¶20.

22. Following the issuance of the order of dismissal and simultaneous stay in the consolidated California case, Speiser Krause hired Dr. Ireneu Strenger, a Brazilian attorney, to file an action on behalf of its TAM clients in Brazil. Arthur Ballen Dep., pp. 77-78.

23. Dr. Strenger and Mr. Guimaraes filed a complaint on behalf of the TAM clients in the 2d Civil Court of Regional Court III in Sao Paolo, Brazil. First Amended Complaint at ¶21.

24. In the early part of the year 2000, Speiser Krause negotiated with and received offers of settlement from the TAM defendants for its Brazilian TAM clients. First Amended Complaint at ¶22.

25. These settlement offers were subject to each family signing formal settlement documents and obtaining necessary approvals from the Brazilian courts. First Amended Complaint at ¶22.

26. On June 30, 2000, the Brazilian court rendered a judgment in the cases filed there. First Amended Complaint at ¶24. (The "Jabaquara judgment").

27. The total value of the Jabaquara judgment exceeded $100,000,000. First Amended Complaint at ¶24.

28. Despite the superior amount of the dollar value of the Jabaquara judgment to the settlement offers Speiser Krause had negotiated, and contrary to plaintiff's advice, many of Speiser Krause's TAM clients elected to accept the negotiated offers of settlement. First Amended Complaint at ¶25.

29. Plaintiff attempted to nullify the accepted negotiated settlements, by reporting them to the Brazilian Attorney General as illegal. Guimaraes 11/2/05 Dep., p.103-104.

30. Plaintiff accused Speiser Krause of criminality, disloyalty, and betrayal as concerns the TAM clients. Guimaraes 11/17/05 Dep., p.74-75; Apuzzo Aff. Exhs. J, K.

31. Plaintiff refused to perform the legal services required in order for the TAM clients to get their settlements approved by the Brazilian court. Guimaraes 11/2/05 Dep., p.101-103.

32. Plaintiff acted contrary to the objectives made known to him by the TAM clients, by refusing to assist them in processing their settlements by having them approved by the Brazilian court. Guimaraes 11/2/05 Dep., p.103.

33. Plaintiff acted contrary to the objectives Speiser Krause made known to him when he

refused to finalize the settlements accepted by the TAM clients. Guimaraes 11/2/05 Dep., p.103-105.

34. Plaintiff never hired Speiser Krause to act as his attorney.

35. Speiser Krause never acted as plaintiff's attorney.