UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RENATO GUIMARAES, JR.,

                      Plaintiff,

    -against-                                    No. 05 CV 02210 (DC)

SPEISER, KRAUSE, NOLAN & GRANITO a        Attorney's Affidavit in Opposition
professional corporation f/k/a SPEISER,          to Motion to Strike Reply
KRAUSE, MADOLE & LEAR, a professional
corporation,

                      Defendant.
------------------------------------------------------------X

State of New York   )
County of New York )     ss.:

      William J. Apuzzo, being duly sworn, deposes and says:

1.    I am a partner at Apuzzo & Chase, attorneys for defendant Speiser, Krause, Nolan & Granito ("Speiser Krause") in this action. I submit this affidavit in opposition to plaintiff's motion to strike Speiser Krause's Reply in Support of Speiser Krause's Motion to Amend its Answer. I have personal knowledge of the matters set forth herein.

2.    On August 11, 2006, the Court held a status conference. During that conference, the parties asked for, and received, permission to move for summary judgment. At that conference Speiser Krause also sought, and was granted, permission to move to amend its Answer herein. The Court established a briefing schedule for the motions during the conference, as follows: Moving papers due by September 22, 2006; Opposition papers due by October 20, 2006; Reply papers due by October 30, 2006.

3. During the August 11, 2006 status conference I understood the Court to say that Speiser Krause's Motion to Amend its Answer would be considered in conjunction with the Summary Judgment motions.

4. While Local Civil Rule 6.1(b)(3) provides for a five business day reply period, such period is only operative ". . . unless otherwise ordered by the court in . . . a direction in a particular case . . ." Local Civil Rule 6.1 (eff. 4/15/97, as amended through 4/15/05). We understood the Court's order at the August 11, 2006 status conference to be just such a direction.

5. Even if, as plaintiff argues, the Reply was late, the Court still has discretion to consider the same. "Judges have the discretion to decide when 'a departure from Local Rules should be excused or overlooked." *In re U.S. Lines, Inc.*, 2006 WL 1559237 at *& (SDNY June 7, 2006)(citing *Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1048 (2d Cir. 1991)). "The applicable standard is whether following the local rules would 'cause an unjust result.'" *Id.* Among other things, courts consider the goal of the Local Rule in determining whether to depart therefrom. *See, Id.*

6. The purpose of Local Civil Rule 6.1 is to protect litigants "from being ambushed." *Chieco v. International Brotherhood of Teamsters*, 175 F.R.D. 467, 469 (SDNY 1997)(Edelstein, J.). In *Chieco*, the plaintiff sought the Court's permission to order the deposition of a temporary emergency trustee, on one day's notice, in violation of the four days then required by the local civil rule. The court in that case found the requested

notice to be unreasonable and inadequate given the time limitation, and denied the application. The instant case is starkly in contrast. The filing in this case that plaintiff alleges is untimely is a Reply, to which plaintiff is unentitled to respond. No oral argument on the Motion to Amend has been had, nor has any oral argument been scheduled by the Court. Accordingly, the possibility of an "ambush" is nonexistent. Furthermore, my understanding was that the Motion to Amend would be considered in conjunction with the Summary Judgment motions which are scheduled to be fully-submitted on October 30, 2006. Surely plaintiff will have had ample time to prepare for oral argument on Speiser Krause's motion to amend its answer should the Court order such argument. Plaintiff is in no way prejudiced.[1]

7. The delay, if any, is excusable for other reasons as well. If the Court finds that the Reply was due prior to September 11, 2006, your affiant wishes to respectfully inform the Court that the due date coincided with the end of his summer vacation, and the intervening Labor Day holiday. Since I understood that the Motion to Amend Speiser Krause's Answer was not going to be considered before October 30, 2006, at no time would there have appeared to be any prejudice to plaintiff or to plaintiff's counsel. Notwithstanding, I apologize to the Court and to plaintiff's counsel for any inconvenience I may have inadvertently caused.

---

[1] Counsel for Speiser Krause makes note of the allegations in ¶6 of plaintiff's document in support of its Motion to Strike Speiser Krause's Reply in Support of its Motion to Amend its Answer, which allegations either constitute a Sur-Reply to the underlying motion, or an attempt to argue discovery disputes herein. Plaintiff should not be permitted to do indirectly, what he is not permitted to do directly. While Speiser Krause would welcome the opportunity to obtain discovery plaintiff promised it would supply, it was advised that discovery closed on August 11, 2006 and accordingly will not respond. Similarly, Speiser Krause is of the understanding that Sur-Replies are not permissible in this District, absent specific authorization therefor.

8.  Speiser Krause's Reply in support of its Motion to Amend its Answer addresses specific points raised by plaintiff's opposition to that motion. In order that the underlying motion be fairly considered, Speiser Krause's Reply should be considered along with the moving and opposition papers.

WHEREFORE, your deponent respectfully prays that this Court accept the defendant's Reply in Support of its Motion to Amend its Answer as part of the motion papers considered during deliberation on that motion, and for such other and further relief as this Court deems just or proper.

                                                William J. Apuzzo  
                                                (WA-1312)

Sworn to before me this 6  
day of October 2006.

Notary Public  
NICOLE APUZZO FiLANNINO  
Notary Public, State of New York  
No. 02FI5021975  
Qualified in Westchester Co...  
Commission Expires 12/27/2009

*Attorney's Certificate of Service*

This is to certify that a copy of the foregoing has been electronically filed in the Court's electronic filing system on this date and was also sent via fax and regular U.S. Mail to:

Richard E. Berman, Esq.
Berman, Kean & Riguera, P.A.
2101 West Commercial Blvd., Ste. 2800
Ft. Lauderdale, FL 33309
Fax: (954)735-3636

Dated: New York, New York
October 6, 2006

_____
William J. Apuzzo (WA-1312)
Apuzzo & Chase
Attorneys for Defendant
800 Third Avenue - 8th Floor
New York, NY 10022
Tel.: (212) 297-0885