UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.: 05-CV-2210(DC)
THE HONORABLE DENNY CHIN

RENATO GUIMARAES, JR.,

       Plaintiff,

vs.

SPEISER, KRAUSE, NOLAN & GRANITO,
a professional corporation f/k/a SPEISER,
KRAUSE, MADOLE & LEAR, a professional
corporation,

       Defendant.

_____/

## DECLARATION OF KEITH S. ROSENN

KEITH S. ROSENN hereby declares:

1. I am a Professor of Law at the University of Miami School of Law and  both Director of the Foreign Graduate Law Program and the Masters Program in Inter-American Law.  I have taught courses in Comparative Law and Latin American Law since 1965, first at the Ohio State College of Law, and since 1980 at the University of Miami School of Law.

2. I have been requested by counsel for the Plaintiff to analyze and to opine on two questions under Brazilian law:  (1) Whether a Brazilian attorney who has been discharged allegedly "for cause" by his client prior to completion of the case is entitled to recover all or some portion of his attorney's fees?, and (2)   What constitutes "just cause" for terminating an attorney in Brazil?  In my professional opinion,  under Brazilian law, a client is free to discharge his attorney at any time and for any reason or even for no

reason. Therefore, Brazilian positive law and case law do not address the question directly of what is "good cause" to discharge an attorney in the context of attorney's fees. A Brazilian attorney who has been discharged, whether for "just cause" or no cause, by his client prior to completion of the case has the right to receive all or a portion of his fees, as determined by contract and by the court (if a judgment has been rendered against the other party), if he has performed some significant professional service for his client. The attorney does not forfeit his right to be paid a fee for professional services that he has already rendered prior to his discharge regardless of whether the client contends that there was a basis for the discharge.

3. I have written or edited several books and monographs dealing with Brazilian law, including CORRUPTION AND POLITICAL REFORM IN BRAZIL: THE IMPACT OF COLLOR'S IMPEACHMENT (ed. with Richard Downes) (Univ. of Miami North-South Ctr. Press 1999), O JEITO NA CULTURA JURÍDICA BRASILEIRA (Editora Renovar 1998), FOREIGN INVESTMENT IN BRAZIL (Westview Press 1991), A PANORAMA OF BRAZILIAN LAW (editor with Jacob Dolinger)(North-South Center & Editora Esplanada 1992), LAW AND INFLATION (University of Pennsylvania Press 1982), and Foreign Investment Policies in Brazil (World Bank Report No. 8169-BR 1991), and have published numerous articles on Brazilian law, including:

1. *Adaptations of the Brazilian Income Tax to Inflation*, 21 STAN. L. REV. 58-105 (1968).

2. *The Reform of Legal Education in Brazil*, 21 J. LEG. EDUC. 251-283 (1969).

3. *Controlled Rents and Uncontrolled Inflation: The Brazilian Dilemma*, 17 AM. J. COMP. L. 239-267 (1969).

4. *The Jeito: Brazil's Institutional Bypass of the Formal Legal System and Its Developmental Implications*, 19 AM. J. COMP. L. 514-549 (1971).

5. *Expropriation, Inflation, and Development*, 1972 WIS. L. REV. 845-879 (1972).

6. *Expropriation in Argentina and Brazil: Theory and Practice*, 15 VA. J. INT'L L. 277-318 (1975).

7. *Adjusting Taxation of Business Income for Inflation: Lessons from Brazil and Chile*, 13 TEX. INT'L L. J. 165-197 (1978).

8. *The Effects of Inflation on the Law of Obligations in Argentina, Brazil, Chile and Uruguay*, 2 B. C. INT'L & COMP. L. J. 269-298 (1979).

9. *Treatment of the Foreign Investor: The Brazilian Style*, in THE FUTURE OF BRAZIL 245-89 (William Overholt ed. 1979).

10. *Enforcement of Foreign Arbitral Awards in Brazil*, 28 AM. J. COMP. L. 498-506 (1980).

11. *Trends in Brazilian Regulation of Business*, 13 LAW. AMERICAS 169-209 (1982).

12. *Regulation of Foreign Investment in Brazil: A Critical Analysis*, 15 LAW. AMERICAS 307-365 (1983).

13. *Brazil's Legal Culture: The Jeito Revisited*, 1 FLA. INT'L L. J. 1-43 (1984).

14. *Civil Procedure in Brazil*, 34 AM. J. COMP. L. 487-525 (1986).

15. *Brazil's New Constitution: An Exercise in Transient Constitutionalism for a Transitional Society*, 38 AM. J. COMP. L. 733-802 (1990).

16. *A Comparison of the Protection of Individual Rights in the New Constitutions of Colombia and Brazil*, 23 U. MIAMI INTER-AM. L. REV. 659-691 (1992).

17. *Brazil: Constitutions*, 1 ENCYC. OF LATIN AMERICAN HISTORY AND CULTURE 433-436 (Barbara A. Tenenbaum ed. 1996).

18. *Brazil: Electoral Reform Legislation*, 1 ENCYC. OF LATIN AMERICAN HISTORY AND CULTURE 437-438 (Barbara A. Tenenbaum ed. 1996).

19. *Judicial Systems: Brazil*, 3 ENCYC. OF LATIN AMERICAN HISTORY AND CULTURE 336-338 (Barbara A. Tenenbaum ed. 1996).

20. *Judicial Reform in Brazil*, 4 NAFTA: L. & BUS. REV. AMERICAS 19-37 (Spring 1998).

21. *Whither Brazil: MERCOSUL and the Devaluation Crisis*, 5 NAFTA: L. & BUS. REV.    AMERICAS 421-429 (Summer 1999).

22. *Some Controversial Aspects of the New Brazilian  Arbitration Law*, 31 U. MIAMI INTER-        AM. L. REV. 223-252 (2000) (with Wald & Schellenberg).

23. *Judicial Review in Brazil: Recent Developments under the 1988 Constitution*, 7 Sw. U.J.L. &   TRADE AMERICAS 291-319 (2000). Updated and revised as  *O controle deconstitucionalidade  no Brasil*, 227 REV. DIR. ADMIN. 1-30  (Jan.-Mar. 2002).

24. *Brazil*, 1 LEGAL SYSTEMS OF THE WORLD: A POLITICAL, SOCIAL, AND   CULTURAL ENCYC. 188-196 (Herbert M.  Kritzer ed. 2002).

25. *Federalism in Brazil, 43* DUQ. L. REV. 577-598 (2005).

4. I have served as a consultant to the Hudson Institute, the International Finance Corporation, and the World Bank on Brazilian Law; have worked with the Ford Foundation and the State University of Guanabara (now the University of the State of Rio de Janeiro) Law School in helping to set up a graduate legal education program for Brazilian lawyers; and have worked in Rio de Janeiro as a legal consultant to a Brazilian law firm.

5. I am fluent in Portuguese, am often consulted as an expert on Brazilian law, and have testified as an expert witness on Brazilian law in both state and federal courts.

6. A true and correct copy of my resume is attached as Exhibit A.

I.    THE  RIGHT  TO  RECEIVE  ATTORNEY'S  FEES  UNDER BRAZILIAN LAW

7.  Although Brazil has a federal system, the subject of attorney's fees is regulated by federal law that applies uniformly throughout the entire country.  With respect to

4

litigation, Brazilian law requires that the losing party pay the prevailing party's attorney's

fees. This rule is enshrined in Article 20 of the Code of Civil Procedure of 1973

(hereinafter the CPC), which provides in pertinent part:

Art. 20. The judgment shall order the losing party to pay the incurred expenses and the
attorney's fees of the prevailing party. This sum for attorney's fees shall also be owed in
cases in which the attorney acted on his own behalf. …

§ 3- The attorney's fees shall be set between a minimum of ten percent (10%) and a
maximum of twenty percent (20%) of the amount of the judgment, taking into account:
(a) the degree of zeal of the lawyer;
(b) the place where the services were rendered;
(c) the nature and importance of the cause, the work performed by the attorney, and the
time required for his services; …

      8.  Despite this provision in the CPC, Brazilian attorneys commonly enter into a

contract with their clients requiring payment of a specific attorney's fee whether or not they

receive an award from the judge if their client prevails.

      9.  The subject of attorney's fees in Brazil is more specifically regulated by the

federal Statute of Advocacy and the Brazilian Bar Association, Law No. 8.906 of July 4,

1994 (hereinafter SABBA), in    Articles 22 to 26.  Article 22 of the SABBA assures the

Brazilian attorney the right to collect both the attorney's fees that have been agreed to by

contract, as well as those awarded by a court in the following terms:

Art. 22.  The rendering of professional services assures those inscribed in the OAB
[Brazilian Bar Association] the right to the attorney's fees that have been agreed upon, to
those fixed by judicial determination, and to those assessed against the losing litigant.
        §1- …

    § 2- In default of a stipulation or agreement, attorney's fees are fixed by judicial
determination, as a remuneration compatible with the labor and economic value of the
question, but may not be less than  what is established in the table prepared by the
Counseling
Section of the OAB.

§ 3-Unless there is a stipulation to the contrary, one third of the attorney's fee is owed
at the start of the service, another third when the court of first instance renders its decision, and the remainder at the end [of the case].

§ 4- If the lawyer attaches his fee agreement to the record prior to issuance of the order for payment, the judge must determine that the lawyer be paid directly by deduction from the amount to be received by the client, unless he can prove that he has already paid his attorney's fees.

§ 5- ...

10.   Under Brazilian law, any settlement or agreement reached by the client with the other party does not affect the lawyer's right to receive his or her attorney's fees unless the lawyer consents to a fee modification. This principle is stated explicitly in Art. 24 § 4 of the SABBA, which provides:

Art. 24 § 4.   An accord reached by the lawyer's client with the opposing party does not prejudice the attorney's fees, whether agreed upon or awarded by judgment without the lawyer's acquiescence.

11.   In addition, Article 26 of the SABBA prohibits a substitute lawyer to whom a power of attorney has been delegated, with reservation of powers, by the original lawyer in the case from collecting attorney's fees without the intervention of the original lawyer.  Article 26 provides:

Art. 26.   A substitute lawyer, delegated with reservation of powers, may not collect attorney's fees without the intervention of the person who made the delegation to him.

12.   Brazilian law permits either the client or the attorney to revoke unilaterally the representation agreement at any time without cause. If the attorney resigns, however, Article 45 of the CPC requires that he or she must notify the client and to continue to

represent the client for the next ten days to enable the client to secure new representation. Attorneys who perform their mandates negligently or with intentional misconduct may be civilly liable to their clients for any resulting damages, and certain misconduct may lead the Brazilian Bar Association to impose disciplinary sanctions on the lawyer. Significantly, however, Brazilian law does not contain any provisions that specifically deprive an attorney of the right to his or her fee irrespective of the reason for which the attorney was discharged.

13. Indeed, Article 14 of the Code of Ethics and Discipline of the Brazilian Bar Association, promulgated pursuant powers granted to the Bar Association by articles 33 and 54 (V) of Law 8.906 of 1994, explicitly states that if the client revokes the power of attorney to represent him in judicial proceedings, the client is still obligated to pay the stipulated attorney's fees, and the discharged attorney is still entitled to receive his share of attorney's fees awarded by the court to the prevailing party, calculated in accordance with the services effectively rendered. Article 14, which does not differentiate between the attorney discharged for cause or without cause, states :

Art. 14. The revocation of the power of attorney for representation in litigation by the will of the client does not release his obligation to pay the contracted attorney's fees, nor does it withdraw the attorney's right to receive an amount he may eventually be owed as the attorney's fee paid by the losing party, calculated proportionately, for the services effectively rendered.

14. Nevertheless, Brazilian case law makes plain that the discharged attorney's right to receive a fee, whether contractually stipulated or court awarded, is also a function of what services the attorney actually performed prior to being discharged. Thus, in A.C. No. 36.729, decided by the Tribunal of Justice of the State of Rio de

Janeiro on Oct. 25, 2005,  Justice Gilberto Dutra Moreira  Rapporteur, the representation agreement provided that the attorneys would receive 30 percent of the total amount recovered by the client in action before the labor courts.  The attorneys successfully obtained a judgment in the labor courts for R$ 419.680,22  (about U.S. $190,760), but before execution upon the judgment, the client discharged his attorneys,  allegedly because of their indolence and inefficacy in securing execution of the judgment, replacing them with other attorneys, who actually executed upon the judgment.  The Tribunal of Justice affirmed the judgment of the lower court, awarding the discharged attorneys the thirty percent to which they were entitled contractually, as well as ten percent of the amount of the judgment to which they were entitled for prevailing in the labor courts, plus monetary correction and legal interest.  On the other hand, in Ap. s/Rev. 535.273, a decision of the 10th Civil Chamber of the Second Tribunal of Alçada of São Paulo of Nov. 18, 1998, Judge Soares Levada, Rapporteur, the Tribunal refused to enforce a representation contract that provided the attorney would be paid the entire amount of the stipulated fee in the event the client desisted from pursuing the lawsuit. The Tribunal stated that the power of attorney could be revoked at any time, regardless of any contractual stipulation to the contrary.  The Tribunal deemed that it would be unjust enrichment for an attorney who, at the time the client discharged him, had rendered only the initial stage of the services for which he had been contracted to collect the entire fee. Therefore, the Tribunal awarded only one-third of the fee, applying Art. 22 § 3 of the  SABBA, set out in paragraph  9 above.  Precisely the same result was reached in Ap. c/Rev. 488.862 , a decision of the Second Civil Chamber of the Second

Tribunal of Alçada of São Paulo of Aug. 18, 1997, Judge Felipe Ferreira, Rapporteur.

15.    Brazilian courts will also refuse to enforce clauses in representation agreements that may operate in a manner that requires the attorney to forego his fees. For example, in Ap s/ Rev. 622.867, another decision of the Second Civil Chamber of the Second Tribunal of Alçada of São Paulo of Dec. 6, 2000, Judge Thales do Amaral, 787 REV. TRIB. 305, the Tribunal refused to enforce a clause in a representation agreement where the lawyer agreed to work only for the fee that would be awarded by the court if his client prevailed and that would have deprived the attorney of his fee if the parties settled the case. The Tribunal deemed such a clause abusive because the attorney would have worked gratuitously in bringing the settled action. To avoid unjust enrichment, the Tribunal awarded the attorney a fee of ten percent of the corrected amount in controversy.  Similarly, in Ap. s/Rev. 757.407-00/6, a decision of the First Chamber of the Second Tribunal of Alçada of São Paulo  of Oct. 1, 2002, Judge Amorim Cantuária Rapporteur, the Tribunal awarded a lawyer whose power of attorney was revoked just before the parties reached an agreement to settle the case attorney's fees of ten percent of the economic benefit received by the client from his services.

## II. CONCLUSIONS

16. Under Brazilian law, a client is free to discharge his attorney at any time and for any reason or even for no reason. Therefore, Brazilian positive law and case law do not address the question directly of what is "good cause" to discharge an attorney in the context of attorney's fees. A Brazilian attorney who has been discharged, whether for "just cause" or no cause, by his client prior to completion of the case has the right to

9

receive all or a portion of his fees, as determined by contract and by the court (if a judgment has been rendered against the other party), if he has performed some significant professional service for his client.  Art. 14 of the Code of Ethics and Discipline of the Brazilian Bar Association.  The attorney does not forfeit his right to be paid a fee for professional services that he has already rendered prior to his discharge regardless of whether the client contends that there was a basis for the discharge.

17. Unless the client and attorney have made a contrary stipulation, the attorney is owed one-third his fees at the time he begins rendering services, a second third when the trial court has rendered his decision, and the remainder when the case has ended. Art. 22 § 3 of the SABBA.   Nevertheless, even if the parties have stipulated that the attorney is owed all of his fees regardless of when the power of attorney is terminated, or none of his fees if the case is settled, Brazilian courts will not enforce such stipulations if they deem that unjust enrichment to one party will result.  Instead, they will construe the contract to try to insure that the attorney receives appropriate compensation for the professional services rendered.

I hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746, under the laws of the United States,  that the foregoing is true and correct.

Executed on this _20th_ day of October, 2006 in Miami, Florida.


**Keith S. Rosenn**


10

EXHIBIT A
October 2006

**RESUME OF KEITH S. ROSENN**

| | | |
|---|---|---|
| Business<br>Address: | University of Miami<br>School of Law<br>P.O. Box 248087<br>Coral Gables, Florida 33124 | Tel: (305) 284-4587<br>Fax: (305) 284-6506<br>krosenn@law.miami.edu |

PERSONAL

Born:            December 1938, Wilkes-Barre, Pennsylvania

Marital         Married, three children
Status:

EDUCATION       B.A. Amherst College, 1960, cum laude

                LL.B. Yale Law School, 1963, Order of the Coif

CLERKSHIP       Law Clerk to Judge J. Joseph Smith, U.S. Ct. of Appeals for the Second
                Circuit, 1963-64.

LAW PRACTICE    Associate with Rosenn, Jenkins & Greenwald, Wilkes-Barre, Pa., 1964-65;
                Associate with Escritório Augusto Nobre, Rio de Janeiro, Brazil 1979-80;
                Consultant to law firms in Arizona, California, Florida, Illinois, Louisiana,
                Missouri, New York, Ohio, Pennsylvania, Texas, and Washington.

BAR             Admitted Supreme Court of Pennsylvania, 1964; U.S. Ct. of Appeals for the
                Third Circuit, 1979; Supreme Court of Florida, 1981; U.S. Court of Appeals
                for the Eleventh Circuit, 1982; U.S. Court of International Trade, 1985.
                Member:   American Bar Association and Section of International Law,
                Inter-American Bar Association, The Florida Bar.

LAW TEACHING    Ass't. Prof., Ohio State Univ. College of Law, 1965-67; Assoc. Prof., Ohio
                State Univ. College of Law 1968-70; Prof. of Law, Ohio State University,
                1970-79; Prof. of Law, University of Miami School of Law, 1979-  ;

1

Associate Dean of the University of Miami Law School, 1982-83; Director, Foreign Graduate Law Program, 1985-1997, Chairman since 1997; Director, Masters Program in Inter-American Law, 1984- .

## VISITING TEACHING

Tutor-in-Law, Yale Law School, 1963-64;State University of Guanabara's Center for Study and Research on Law Teaching, Rio de Janeiro, Brazil, 1966-67; Stanford Law School, Chilean Law Program, Summer 1968; Law School of the National University of Paraguay, December 1970; University of San Diego at Guadalajara, Mexico, Summer 1983; University of Francisco Marroquin, Guatemala City, November 1983; University of San Diego at Mexico City, Summer 1985; University of San Diego at Paris, Summer 1986; National Judicial College, Reno, Program for Chilean Judges, June 1988 and 1989; Program for Costa Rican Law Students, St. Thomas Law School, July 1989; University of San Diego at Regents College London, Summer 1991; National Judicial College, Reno, Program for Bolivian Judges, October 1991; Visiting Professor, Pompeu Fabra University, Barcelona, May 1994; University of Miami School of Law at University of London, Summer 1994; St. Thomas Law School at Maria Cristina University, San Lorenzo de Escorial, Spain, Summer 1996; Southwestern University School of Law at University of Belgrano, Buenos Aires, Summer 1998; University of Miami School of Law at Pompeu Fabra University, Barcelona, Summer 2002.

## PROFESSIONAL AND CIVIC RESPONSIBILITIES

Vice-chairman of the Inter-Am. L. Comm. of the Am. Bar Assoc., 1974-79; Member, Bd. of Editors, Am. J. Comp. L. and Director, Am. Soc. for the Comp. Study of Law, 1965-79, 1981- ; Member, Academy of Foreign Law; Life Member, Am. Law Institute; Exec. Comm., Am. Soc. for Comp. Study of Law, 1986-88; Member of Honor of the Inter-American Academy of International and Comparative Law; Associate, International Academy of Comparative Law; Secretary, Brazilian-American Chamber of Commerce (Miami), 1982-3; Director, Brazilian-American Chamber of Commerce (Miami), 1982-88; Member, Advisory Board, Univ. of Miami North-South Center 1991-; Senior Fellow, Univ. of Miami Center for International Studies, 1982; Chair, Comp. Law Section of the Am. Assoc. of Law Schools, 1988; Faculty Advisor, Inter-Am. Law Review (formerly Lawyer of the Americas), 1981-  ; Regional Board Member, Anti-Defamation League, 1984-86; Chairman, Comm. on Legal Research and Publications, Inter-Am. Bar Foundation, 1985-7; Fulbright Lecturer, Argentina, Buenos

Aires, Aug. 1987 and Mendoza, Oct. 1988; USIA AMPART lecturer, Brazil, Aug. 1987, Chile, July 1989, Paraguay, August 1989; Director of Brazil Task Force, North-South Center, 1991-3; member External Grant Proposal Review Board of the North-South Center, 1991-98; member Fulbright Area Peer Review Committee for Latin America: Southern Cone/ Brazil/American Republics Research, 1992-94; member FIU Summit Center/Florida Committee on the Dispute Settlement Working Group of the Free Trade Area of the Americas, 1998.

## ORGANIZATION OF INTERNATIONAL CONFERENCES

Organizer, fourteen seminars on selected aspects of U.S. law in Spanish for Colombian Lawyers, University of Miami, 1985- ; Organizer of five seminars on selected aspects of U.S. law in Portuguese for Brazilian judges, University of Miami, 1993-99; Organizer "Unification of Law and Law Reform in a Changing World" (Jan. 1992 Conference on Unidroit Draft Principles for International Commercial Contracts); Organizer "Whither Brazil after Collor: The Political, Economic, and Institutional Issues of the Transition" (Feb. 1993 Conference on the Brazilian Presidential Impeachment); Organizer Seminar on U.S. law in Portuguese for students and faculty of the Law School of the Universidade Santa Cecília de Bandeirantes (Apr. 1995); Organizer Seminar on U.S. law for Austrian lawyers (Oct. 1995); Organizer Seminar on Comparative Law for Public Ministry of Pará, Brazil (May 1998); Organizer Seminar on Comparative Law in Portuguese for Institute for Juridical Teaching and Research of São Paulo (Nov. 2000).

## OTHER EMPLOYMENT

Project Associate, Ford Foundation, Rio de Janeiro, 1966-68; Consultant on Brazilian Law, Hudson Institute, 1977; Program Coordinator, Olin Fellowship Program, University of Miami Law and Economics Center, 1980-81; Consultant on Latin American Law, U.S. Department of State, 1981-82; Associate, University of Miami Law & Economics Center, 1979-84; Consultant on Brazilian Law, International Finance Corporation, 1986; Consultant on Brazilian Law, World Bank, 1988-1990; Consultant to the State University of New York on Bolivian Constitutional Reform, 1993.

## PUBLICATIONS

Books:

LAW AND DEVELOPMENT IN LATIN AMERICA with Kenneth Karst

(joint publication of Univ. of Calif. Press and U.C.L.A. Lat. Am. Center 1975); 729 pgs.

LAW AND INFLATION (Univ. of Pa. Press 1982), 451 pgs.

FOREIGN INVESTMENT IN BRAZIL (Westview Press 1991), 405 pgs.

A PANORAMA OF BRAZILIAN LAW (edited with Jacob Dolinger) (Univ. of Miami North-South Center and Editora Esplanada Ltda. 1992), 518 pgs.

O JEITO NA CULTURA JURÍDICA BRASILEIRA (Editora Renova 1998), 130 pgs.

CORRUPTION AND POLITICAL REFORM IN BRAZIL: THE IMPACT OF COLLOR'S IMPEACHMENT (ed. with Richard Downes) (Univ. of Miami North-South Center Press 1999), 184 pgs.

Monographs:

TRENDS IN BRAZILIAN REGULATION OF BUSINESS (AEI Pub. Pol. Res., Occ. Pap. Ser. No. 1, 1981).

REGULATION OF FOREIGN INVESTMENT IN BRAZIL: A CRITICAL ANALYSIS (AEI Pub. Pol. Res., Occ. Pap. Ser. No. 8, Sept. 1983).

EL CONSTITUCIONALISMO EN AMERICA LATINA (Univ. Francisco Marroquin, Guatemala 1984).

FOREIGN INVESTMENT POLICIES IN BRAZIL (World Bank Report No. 8169-BR, Mar. 19, 1991).

Book Chapters:

"Right of Compensation for Detention Prior to Acquittal," in LAW IN THE UNITED STATES OF AMERICA IN SOCIAL AND TECHNOLOGICAL REVOLUTION 615-635 (John Hazard & Wence Wagner eds. 1974).

"Treatment of the Foreign Investor: The Brazilian Style," in THE FUTURE OF BRAZIL 245-289 (William Overholt ed., Westview Press 1979).

"Soberania y Participación Política en la Nueva Constitución de Chile," in COMENTARIOS DE JURISTAS INTERNACIONALES,

4

CONSTITUCION DE 1980, 114-125 (1984).

"A Comparison of Latin American and North American Legal Traditions," in MULTINATIONAL MANAGERS AND HOST GOVERNMENT INTERACTIONS 127-152 (Lee Tavis ed., University of Notre Dame Press 1988).

"La Protección de la Independencia del Poder Judicial en Latinoamérica," in INSTITUTO DE INVESTIGACIONES JURÍDICAS, 2 ESTUDIOS EN HOMENAJE AL DOCTOR HÉCTOR FIX-ZAMUDIO EN SUS TREINTA AÑOS COMO INVESTIGADOR DE LAS CIENCIAS JURÍDICAS 1247-76 (1988); reprinted in 1 DERECHO CONSTITUCIONAL COMPARADO MEXICO-ESTADOS UNIDOS 413-451 (James Smith Coordinador 1990).

"1988 Constitution of the Federative Republic of Brazil--Annotated English Translation," in A PANORAMA OF BRAZILIAN LAW 383-518 (Jacob Dolinger & Keith Rosenn eds. 1992).

"Comparación de la Protección de los Derechos Individuales en las Nuevas Constituciones Latinoamericanas de Colombia y Brasil," in LA CARTA DE DERECHOS: SU INTERPRETACIÓN Y SUS IMPLICACIONES 149-170 (Manuel José Cepeda ed. 1993).

"Collor's Downfall in Comparative Perspective," (with Richard Downes), in CORRUPTION AND POLITICAL REFORM IN BRAZIL: THE IMPACT OF COLLOR'S IMPEACHMENT 141- 158 (Keith S. Rosenn & Richard Downes eds. 1999).

"Os Efeitos do Controle Judicial de Constitucionalidade nos Estados Unidos, Canadá e América Latina numa Perspectiva Comparada," in DIREITO CONSTITUCIONAL EM EVOLUÇÃO: Perspectivas 125-154 (Paulo Gomes Pimental Júnior ed., 2005).

"Federalism in Brazil," in O DIREITO INTERNACIONAL CONTEMPORÂNEO: ESTUDOS EM HOMENAGEM AO PROFESSOR JACOB DOLINGER 575-597 (Carmen Tibúrcio & Luís Roberto Barroso eds. 2006).

"Conflict Resolution and Constitutionalism: The Brazilian Constitution of 1988," in CONSTITUTION-MAKING, PEACE BUILDING AND NATIONAL RECONCILIATION (Louis Aucoin ed. forthcoming)

Articles:

Puerto Rican Land Reform: The History of an Instructive Experiment, 73 YALE L.J. 334-356 (1963); reprinted 33 REV. JURID. UNIV. P.R. 189-215 (1964), partially reprinted in MERRYMAN & CLARK, COMPARATIVE LAW: WESTERN EUROPEAN AND LATIN AMERICAN LEGAL SYSTEMS 1013-19 (1978).

Adaptations of the Brazilian Income Tax to Inflation, 21 STANFORD L. REV. 58-105 (1968).

The Reform of Legal Education in Brazil, 21 J. LEG. EDUC. 251-283 (1969).

Controlled Rents and Uncontrolled Inflation: The Brazilian Dilemma, 17 AM. J. COMP. L. 239-267 (1969).

The Jeito: Brazil's Institutional Bypass of the Formal Legal System and Its Developmental Implications, 19 AM. J. COMP. L. 514-549 (1971); reprinted INT'L LIBRARY OF ESSAYS IN LAW & LEGAL THEORY, COMPARATIVE LEGAL CULTURES 514-608 (Csaba Varga ed. 1992); partially reprinted in HENRY de VRIES, CASES AND MATERIALS ON THE LAW OF THE AMERICAS 40-48 (1972); MERRYMAN & CLARK, COMPARATIVE LAW: WESTERN EUROPEAN AND LATIN AMERICAN LEGAL SYSTEMS 384-90 (1978); BRAZILIAN MOSAIC: PORTRAITS OF A DIVERSE PEOPLE AND CULTURE 22-29 (G. Harvey Summ ed. 1995).

Expropriation, Inflation, and Development, 1972 WIS. L. REV. 845-879.

Judicial Review in Latin America, 35 OHIO ST. L. J. 785-819 (1974).

Expropriation in Argentina and Brazil: Theory and Practice, 15 VA. J. INT'L L. 277-318 (1975); partially reprinted in MERRYMAN & CLARK, COMPARATIVE LAW: WESTERN EUROPEAN AND LATIN AMERICAN LEGAL SYSTEMS 1160-62 (1978).

The Constitutional Guaranty Against Diminution of Judicial Compensation, 24 U.C.L.A. L. REV. 406-445 (1976).

Compensating the Innocent Accused, 37 OHIO ST. L. J. 705-726 (1976).

Protecting Contracts from Inflation, 33 BUS. LAWYER 729-747 (1978).

Adjusting Taxation of Business Income for Inflation:  Lessons from Brazil and Chile, 13 TEXAS INT'L L. J. 165-197 (1978).

The Effects of Inflation on the Law of Obligations in Argentina, Brazil, Chile and Uruguay, 2 BOSTON COLL. INT'L & COMP. L. J. 269-298 (1979).

Enforcement of Foreign Arbitral Awards in Brazil, 28 AM. J. COMP. L. 498-506 (1980).

Trends in Brazilian Regulation of Business, 13 LAWYER OF THE AMERICAS 169-209 (1982).

Regulation of Foreign Investment in Brazil:  A Critical Analysis, 15 LAWYER OF THE AMERICAS 307-365 (1983); reprinted in 10 MODERN LEGAL SYSTEMS CYCLOPEDIA 99-140 (Kenneth Redden ed. 1985).

Brazil's Legal Culture:  The Jeito Revisited, 1 FLA. INT'L L. J. 1-43 (1984), partially reprinted in MERRYMAN, CLARK, & HALEY, THE CIVIL LAW TRADITION: EUROPE, LATIN AMERICA, AND EAST ASIA 677-684 (1994).

Civil Procedure in Brazil, 34 AM. J. COMP. L. 487-525(1986), partially reprinted in MERRYMAN, CLARK, & HALEY, THE CIVIL LAW TRADITION: EUROPE, LATIN AMERICA, AND EAST ASIA 1049-1053 (1994).

The Protection of Judicial Independence in Latin America, 19 U. MIAMI INTER-AM. L. REV. 1-35 (1987); partially reprinted in 22 CIJL BULL. 13-39 (Oct. 1988) and 102/103 LAW & JUSTICE 30-43 (1989); updated Spanish version in 21-22 BOLETÍN DEL CIJA 52-99 (Abr.-Oct. 1988), partially reprinted in MERRYMAN, CLARK, & HALEY, THE CIVIL LAW TRADITION: EUROPE, LATIN AMERICA, AND EAST ASIA 817-818 (1994).

Brazil's New Constitution: An Exercise in Transient Constitutionalism for a Transitional Society, 38 AM. J. COMP. L. 773-802 (1990).

The Success of Constitutionalism in the United States and Its Failure in Latin America: An Explanation, 22 U. MIAMI INTER-AM. L. REV. 1-39

(1990).

A Comparison of the Protection of Individual Rights    in    the    New Constitutions of Colombia and Brazil, 23 U. MIAMI INTER-AM. L. REV. 659-691 (1992), partially reprinted in MERRYMAN, CLARK, & HALEY, THE CIVIL LAW    TRADITION: EUROPE, LATIN AMERICA, AND EAST    ASIA    742-745,    818    (1994); revised    and    updated    in 3 PERSPECTIVAS    CONSTITUCIONAIS:    NOS    20    ANOS    DA CONSTITUIÇÃO 331-366 (Jorge Miranda ed. 1998).

Federalism in the Americas in Comparative Perspective, 26 U. MIAMI INTER-AM. L. REV. 1-50 (1994), partially reprinted in DORSEN, ROSENFELD,    SAJO    &    BAER,    COMPARATIVE CONSTITUTIONALISM 419, 450-452 (2003).

Brazil: Constitutions, 1 ENCYCLOPEDIA OF LATIN AMERICAN HISTORY AND CULTURE 433-436 (Barbara A. Tenenbaum ed. 1996).

Brazil: Electoral Reform Legislation, 1 ENCYCLOPEDIA OF LATIN AMERICAN    HISTORY    AND    CULTURE    437-438    (Barbara    A. Tenenbaum ed. 1996).

Judicial    Systems:    Brazil,    3    ENCYCLOPEDIA    OF    LATIN AMERICAN HISTORY AND CULTURE 336-338    (Barbara    A. Tenenbaum ed. 1996).

Judicial Reform in Brazil, 4 NAFTA: L. & BUS. REV. AMERICAS 19-37 (Spring 1998).

Whither Brazil: MERCOSUL and the Devaluation Crisis, 5 NAFTA: L. & BUS. REV. AMERICAS 421-429 Summer 1999).

Some Controversial Aspects of the New Brazilian Arbitration Law, 31 U. MIAMI INTER-AM. L. REV. 223-252 (2000) (with Wald & Schellenberg).

Judicial    Review    in    Brazil:    Recent    Developments    under    the    1988 Constitution, 7 Sw. U. J. L. & TRADE AM.    291-319    (2000). Updated and revised as O controle de constitucionalidade no Brasil, 227 REV.DIR. ADMIN. 1-30 (Jan.-Mar. 2002).

Brazil, in 1 LEGAL SYSTEMS OF THE WORLD: A POLITICAL, SOCIAL, AND CULTURAL ENCYCLOPEDIA 188-196 (Herbert M. Kritzer ed. 2002)

Os Efeitos do Controle Judicial de Constitucionalidade nos Estados Unidos, Canadá e América Latina numa Perspectiva Comparada, 235 REV. DIR. ADMIN. 159-185 (Jan.-Mar. 2004).

Federalism in Brazil, 43 DUQUESNE L. REV. 577-598 (2005).

Translations:

Translation of Caio Tácito & José Carlos Barbosa Moreira, Judicial Conflicts of Interest in Brazilian Law, 18 AM. J. COMP. L. 689-696 (1970).

Translation of Nestor Pedro Sagüés, An Introduction and Commentary to the Reform of the Argentine National Constitution, 28 U. MIAMI INTER-AM. L. REV.41-68 (1996).

Translation of Nadia de Araujo, Dispute Resolution in Mercosul: The Protocol of Las Leñas and the Case Law of the Brazilian Supreme Court, 32 U. MIAMI INTER-AM. L. REV. 25-56 (2001).

Translation of Constitution of the Federative Republic of Brazil- 5 October 1988, as amended to August 10, 2005 (an Annotated Translation integrating the text of 54 Amendments with an introduction to each amendment), in 3 CONSTITUTIONS OF THE COUNTRIES OF THE WORLD 1-210 (Release 2006-1, Oceana Pub. Rudiger Wolfrum ed. Jan. 2006).

Book Reviews:

"Judicial Review: Old and New," 81 YALE L. J. 1411-20(1972), review of Mauro Cappelletti, JUDICIAL REVIEW IN THE CONTEMPORARY WORLD.

Review of Leda Boechat Rodrigues, HISTÓRIA DO SUPREMO TRIBUNAL FEDERAL (Vols. I & II) Hispanic American Historical Review 1969.

Review of Stuart Schwartz, SOVEREIGNTY AND SOCIETY IN COLONIAL BRAZIL: THE HIGH COURT OF BAHIA AND ITS JUDGES, 1609-1751, 70 AM. POL. SCI. REV. 262 (1976).

Review of ROBERT C. CASAD & ROGELIO SOTELA MONTAGNE,

EXPROPRIATION IN CENTRAL AMERICA AND PANAMA, 24 AM. J. COMP. L. 130 (1976).

Review of A. Sampay, LAS CONSTITUCIONES DE LA ARGENTINA (1810/1972). (Hispanic American Historical Review, Aug. 1978).

Review (with David Katz) of JOHN MERRYMAN & DAVID CLARK, COMPARATIVE LAW: WESTERN EUROPEAN AND LATIN AMERICAN LEGAL SYSTEMS, CASES AND MATERIALS, 68 CALIF. L. REV. 565 (1980).

Review of MARIA CHAVES DE MELLO, DICIONÁRIO JURÍDICO-LAW DICTIONARY: PORTUGUÊS-INGLÊS, ENGLISH PORTUGUESE, 16 U. MIAMI INTER-AM. L. REV. 431 (1984).

Review of FREDERICK SYNDER, LATIN AMERICAN SOCIETY AND LEGAL CULTURE (1985), Hispanic American Historical Review ___ (1986).

Review of HENRY S. DAHL, LAW DICTIONARY. DICCIONARIO JURÍDICO, 24 U. MIAMI INTER-AM. L. REV. 607-623 (1993).

Review of JORGE A. VARGAS. MEXICAN LEGAL DICTIONARY AND DESK REFERENCE, 36 U. MIAMI INTER-AM. L. REV. 355-359 (2005).

## LECTURES AND PAPERS

"Greasing the Administrative Mill in Brazil." Roundtable of Admin. Law of the Am. Assoc. of Law School, Dec. 1968, published in 22 J. LEG. EDUC. 380 (1970).

"Teaching Latin American Law," Columbia University, Jan. 1971, published 19 AM. J. COMP. L. 692-699 (1971).

"Judicial Independence in Latin America," Yale Law School, Fall 1972.

"The Informal Legal System in Brazil," Indiana University, May 1973.

"The Meaning of Citizenship in the U.S. Constitution," U.S. District Court, S.D., Ohio, Sept., 1978.

"Law and Inflation in Latin America," UCLA Law School, Nov. 1978.

"Judicial Protection of Human Rights in Latin America," Pacific Conference of Latin Am. Studies, Nov. 1978.

"Inflation and the Law of Obligations in Latin America," Comparative Law Program of the Am. Assoc. of Law Schools, Jan. 1979.

"Law and Inflation in Latin America: Lessons for the United States," Latin American Center and the Law School of the Univ. of Florida, Feb. 1979.

"Current Trends in Regulation of Business in Brazil," Columbia Univ. Research Institute on International Change, Rio de Janeiro, Aug. 1980.

"Debureaucratization: An Idea Whose Time Has Come in Latin America," National Foreign Trade Council and Law and Economics Center, Sept. 1981.

"Inflation and the Law in Latin America," Law & Economics Center Institute for Latin American Policymakers, Oct. 1981.

"Brazilian Regulation of Business: Prospects for the Future," The Brazilian-American Chamber of Commerce (Miami), Inc., Feb. 1982.

"The Effect of Inflation on Latin American Law," Law & Economic Center Institute for Latin American Policymakers, June 1982.

"The Crisis in the Administration of Justice in Brazil," Board of Editors of the American Journal of Comparative Law, University of Colorado Law School Oct. 1982.

"El Constitucionalismo en America Latina," series of four lectures at the Universidad Francisco Marroquin, Guatemala, Nov. 1983, published as a monograph.

"A Comparison of Latin American and North American Legal Traditions," Conference on Multinational Enterprises in Latin America in Panama, Univ. of Notre Dame School of Business Administration, Jan. 1985, published as a book chapter.

"Constitutional Developments in the 1985-86 Term of the Supreme Court," Univ. of Miami Law Forum Lecture, May 1986.

"Guaranteed Rights and Responsibilities: The Role of the Constitution," paper presented in Washington, D.C. at the Center for Int'l Relations Conference "Educating for Freedom and Democracy in the Americas," Oct. 1986.

"Teaching Latin American Legal Systems in U.S. Law Schools," talk delivered at U.C.L.A. Conference on Latin America and Law School Curricula, Nov. 1986.

"Corruption in Mexico: Implications for U.S. Foreign Policy," paper presented at Calif. Western School of Law, San Diego at ABA Standing Comm. on Law and Nat'l. Security Conference, "Mexico and the United States: Strengthening the Relationship," Feb. 1987, published 18 CALIF. W. INT'L L. J. 95-104 (1987-1988).

"The Protection of Judicial Independence in Latin America," paper presented at the XXVI Conference of the Inter-American Bar Association, Buenos Aires, May 1987.

"Constitutionalism in the United States and Latin America," paper delivered as a Fulbright Lecturer at the Argentine Council on International Relations (CARI) on the Bicentennial of the U.S. Constitution, Buenos Aires, August 1987.

"A Comparison of the Constitutions of Argentina and the United States," lecture delivered to the Argentine Bar Association, Buenos Aires, August 1987.

"An Update on the Foreign Investment Picture in Brazil," speech delivered to the Brazilian-American Chamber of Commerce, Miami, Feb. 1988.

"Judicial Independence in Latin America," paper delivered at the United States-Mexico Comparative Law Conference in Mexico City, June 1988.

"La Protección de la Independencia Judicial en Latino-américa," lecture delivered to the Consejo para la Consolidación de la Democracia in Buenos Aires, July 1988.

"Impact of U.S. Supreme Court Decisions Protecting Human Rights," lecture delivered for the Fulbright Commission at the Jornadas sobre Derechos Humanos, Universidad de Mendoza, Argentina, October 1988.

"Judicial Protection of Human Rights in Latin America," lecture delivered for the Fulbright Commission at the Jornadas sobre Derechos Humanos, Universidad de Mendoza, Argentina, October 1988.

"Protection of Human Rights in Brazil," lecture delivered at the American Bar Association Conference "Rights in Conflict: The Individual versus the State and Beyond," Jekyll Island, Ga., March 1989.

"El Derecho y La Inflación," lecture delivered at Universidad APEC, Curso de Derecho Empresarial, Santo Domingo, April 1989.

"Brazil's New Constitution: An Exercise in Transient Constitutionalism    for    a Transitional Society," paper presented at the 27th Inter-American Bar Assoc. Conference, Cartagena, Colombia, May 1989.

"La Efectividad de las Decisiones de la Suprema Corte de los Estados Unidos en la Protección de los Derechos Civiles," lecture delivered to the Bogotá Bar Association, Bogotá, Colombia, May 1989.

"Judicial Independence and Political Systems: The Latin American Experience," lecture delivered at the Law School of Universidad Diego Portales, Santiago, Chile, July 1989.

"La Independencia del Poder Judicial y la Democracia," lecture delivered to the Paraguayan Bar Association, Asunción, Paraguay, August 1989.

"El Exito del Constitucionalismo en los Estados Unidos y el Fracaso en Latinoamérica: un Intento de Explicación," lecture delivered to the National University Law School, Asunción, Paraguay, August 1989.

"The Success of Constitutionalism in the United States and its Failure in Latin America: An Explanation," lecture delivered to the White Burkett Miller Center of Public Affairs, University of Virginia, February 1990, published in THE U.S. CONSTITUTION AND THE CONSTITUTIONS OF LATIN AMERICA 53-96 (Kenneth W. Thompson ed. 1991).

"Brazil's New Constitution: An Update," lecture delivered to the Constitutional Law Committee, XXVIII Conference of the Inter-American Bar Association, Washington, D.C., October 1990.

"History of Foreign Exchange Controls In Colombia," outline for panel discussion on Parallel Market Seizures at American Bankers Assoc. & Am. Bar Assoc. Sect. of Criminal Justice, Money Laundering Enforcement Update, Miami, Fl. Sept. 1991.

"Collor's Proposed Amendments to the Brazilian Constitution," delivered at the North-South Center-Fundação Getúlio Vargas Conference on Political Constraints on Brazil's Economic Development, Rio de Janeiro, Oct. 1991, published in POLITICAL CONSTRAINTS ON BRAZIL'S ECONOMIC DEVELOPMENT 29-32 (Siegfried Marks ed. 1993).

"A Comparison of the Protection of Individual Rights in the New Constitutions of Colombia and Brazil," paper delivered at the Presidencia de la República de Colombia,    La Carta de Derechos: Su Interpretación y sus Implicaciones, Bogotá, Colombia, November 1991.

"Pervasive Issues of Judicial Independence in Latin America," delivered to the Comparative Law Section at the Annual Meeting of the American Association of Law Professors, San Antonio, Texas, January 1992.

"The U.S. Supreme Court's Interpretation of the Free Exercise Clause," paper delivered at the 30th Conference of the Inter-American Bar Association, Santiago, Chile, April 1993.

Moderator, Roundtable on Judicial Reform in Latin America, Conference for Latin American Supreme Court Justices, National Center for State Courts, Williamsburg, Virginia, June 1993.

"Direito Constitucional Comparado," lecture delivered to members of the Tribunal de Justiça of the State of Bahia, Brazil, Miami, July 1993.

Panelist, "Seizing the Latin American Market: Legal, Tax and Negotiation Aspects," Baker & McKenzie, Coopers & Lybrand, and Daily Business Review Roundtable, Miami, Oct. 1993.

"A Revisão da Constituição Brasileira," lecture to the Deans of Brazilian Law Schools at American University, Washington, D.C., January 1994.

"Federalism in the Americas in Comparative Perspective," lecture delivered at the Ministry of Justice, Generalitat de Catalunya, Barcelona, May 1994.

"Comparative Constitutional Law: The Case of Hate Speech," talk delivered at the Law School of Pompeu Fabra University, Barcelona, May 1994.

"Critical Differences between the Common Law and Civil Law," talk delivered at the Law School of Pompeu Fabra University, Barcelona, May 1994.

"Una Comparación del Poder Judicial en América Latina con los Estados Unidos," lecture delivered to Latin American judges for USIS Administration of Justice Project, Miami, May 1994.

"Ensino Jurídico nos Estados Unidos e Responsabilidade Pública," lecture delivered to Brazilian university administrators for Inter-American Organization for Higher Education, Miami, September 1994.

"El Federalismo en las Americas, Una Comparación Perspectiva," paper delivered at the Fifth Iberoamerican Congress of Constitutional Law, Queretero, Mexico, October 1994.

"La Enseñaza Jurídica en los Estados Unidos," lecture to members of the Costa Rican National Commission for the Improvement of the Administration of Justice, Miami, June 1995.

"Comparação dos Aspectos Jurídicos do MERCOSUL e do NAFTA," lecture delivered to members of the Brazilian Judiciary at the First International Meeting on Supervision of MERCOSUL, Foz do Iguaçu, Brazil, August 1995, published in Tribunal de Contas do Estado do Paraná, Anais do I Encontro Internacional de Fiscalização do Mercosul 165-174 (1995).

"Brazilian Constitutionalism in Historical Perspective," paper delivered at the Meetings of the American Society of Legal History, Houston, Texas, Oct. 1995.

"The Brazilian Constitution after Seven Years," paper delivered to the Constitutional Law Committee, XXXII Conference of the Inter-American Bar Association, Quito, Ecuador, Nov. 1995.

"An Overview of Differences between the Civil Law and Common Law Traditions," talk delivered to the Florida Bar XI Annual Conference on Doing Business in Latin    America, Miami, Florida, Feb. 1996, published in 11 FLA. J. INT'L L. 70-72 (1996).

"Novas Perspectivas do Federalismo nas Americas," lecture delivered at the Law School of the University of São Paulo at the Fifth National Meeting of Constitutional Law, São Paulo, Brazil, Sept. 1996.

"As Razões para o Exito do Constitucionalismo nos Estados Unidos," Lecture delivered to the Congresso Internacional de Direito Público, Miami, Florida, Dec. 1996.

"Five Things That Did Not Happen," talk delivered to Conference on "Economic Growth, Institutional Quality and the Role of Judicial Institutions," of the Tinker Foundation & Univ. of Md. Ctr. for Institutional Reform and the Informal Sector (IRIS), Washington D.C., Dec. 1996.

"Uma Comparação do Papel do Juiz nos Estados Unidos e no Brasil," lecture delivered to Seminar on American Law for the Judges and Public Ministry of the State of Ceará, Brazil, Miami, Fl., Jan. 1997.

"Recent Developments in Arbitration in Brazil," talk at Baker & McKenzie's Seminar "International Arbitration in the Americas," Miami, Fl., Feb. 1997.

"As Diferenças Principais entre o Direito Civilista e o Direito Anglosajão," lecture to the Association of Federal Labor Law Judges, Brasília, Brazil, Aug. 1997.

"Judicial Reform in Brazil," Paper delivered at Southern Methodist University in a conference on "Economic and Political Challenges of Market Reforms in Latin America, Dallas, Texas, Oct. 1997.

"Arbitragem e o Juiz Alugado," lecture delivered at the First International Congress of Justice, Fortaleza, Brazil, Dec. 1997.

"Regulation of Foreign Investment in Angola," CAER Discussion Paper No. 12 (Dec. 1997) (online http://www.hiid.harvard.edu/projects/caer/papers

"Principles To Guide New Foreign Investment Legislation in Angola" (CAER-Consulting Assistance in Economic Reform- Discussion Paper No. 26, Apr. 1998).

"Direito Constitucional Comparado," lecture to members of the Public Ministry of the Brazilian State of Pará, Miami, May 1998.

"Comparative Legal Education," talk delivered to Noronha Advogados, São Paulo, May 1998.

"Judicial Administration in Brazil," lecture at the Inter-American Bar Association meeting, Lima, Peru, May 1998.

"Reforming the Brazilian Judiciary," talk delivered to the Brazil-United States Law Initiative, Univ. of Baltimore, June 1998.

"What Role for Brazil," paper presented at Beyond the Summit of the Americas II-Prospects for FTAA and Future Western Hemisphere Integration, Southern Methodist Univ. Law School, Oct. 1998.

"Constitution of 1988: The First 25 Amendments and What Still Needs to Be Done," Paper presented for Doing Business in a Changing Brazil, World Trade Institute of Pace University, Miami, Fl., Oct. 1998.

"Os Efeitos de Declarações de Inconstitucionalidade," lecture delivered to Inter-American Seminar for Brazilian Judges, Miami, Fl. Jan. 1999.

"Human Rights and the Reform of the Criminal Justice System in Brazil," lecture delivered at St. Antony's College, Oxford, England, Feb. 1999.

"Direitos Humanos e Garantias Individuais nos Sistemas de Processo Penal

Comparado," lecture delivered at the 56th International Course of Criminology of the International Society of Criminology, Miami, Fl., Sept. 1999).

"Comparação dos Aspectos Jurídicos e Estruturais do MERCOSUL e NAFTA," lecture delivered at the Law School of Estácio de Sá, Rio de Janeiro, Nov. 1999.

"Mécanismos para a Resolução de Controvérsias no MERCOSUL, no NAFTA, e na Organização Mundial de Comércio, lecture delivered at the Law School of Estácio de Sá, Rio de Janeiro, Nov. 1999.

"Guarantias Individuais nos Sistemas de Processo Penal Comparado," lecture delivered to the First Interamerican Congress of the Tribunal of the Jury, São Paulo, Brazil, Mar. 2000.

"A Comparisão da Suprema Corte dos Estados Unidos com o Supremo Tribunal Federal do Brasil," lecture to the Pinheiro Neto Law Firm, São Paulo, Brazil, Mar. 2000.

"Judicial Review in Brazil: Recent Developments," talk and paper delivered to the Latin American Studies Association XXII International Congress, Miami, Mar. 2000.

"La Constitución Económica de los Estados Unidos," lecture delivered at the Law School of the University of Buenos Aires, Argentina, May 2000.

"Constitucionalismo en los Estados Unidos y America Latina," lecture delivered before the Superior Regional Tribunal, Ushuaia, Argentina, May 2000.

"A Comparison of Latin American and Common Law Legal Cultures," lecture delivered to BP-Amoco Corporate Legal Department, Key Biscayne, Fl., Oct. 2000

"A Proteção dos Direitos Humanos nos Tribunais", lecture delivered at the Seminar for the Institute for Juridical Teaching and Research of São Paulo (Miami, Nov. 2000).

"Comparative Federalism," lecture delivered at Ohio State Univ. School of Law, Columbus, Ohio, Jan. 2001

Commentator on all papers submitted to the Panel on "The    Politics and Economics of Corruption, Latin American Studies Association XXIII International Congress, Washington, D.C., Sept. 2001.

"Executive Decree Rule and the Provisional Measure in Brazil," talk to the

International Lawyers Group, Miami Beach, October 2001.

"Consumer Protection Laws in Latin America," talk to South Florida Regional Counsel Conference on Lawyering in Times of Change, Miami, Mar. 2002.

"Current Status of Judicial Reform in Brazil," talk to American Foreign Law Society, New York City, Dec. 2002.

Commentator, "The Institution of the Rule of Law in Mexico," UCLA Law Review Symposium, Los Angeles, Jan. 2003.

"Conflict Resolution and Constitutionalism: The Brazilian Constitution of 1988," paper delivered to the United States Institute of Peace, Washington, D.C., Feb. 2003.

"Controle de Constitucionalidade: Aspectos Comparados," lecture delivered to the Encontro Internacional de Direito Constitucional, Natal, Brazil, May 2003.

"Teaching Socratically with Latin American Legal Materials," lecture delivered at the International Workshop on Legal Education in Latin America, Fundação Getúlio Vargas, São Paulo, Brazil, Dec. 2003.

"Investor-State Arbitration in the Free Trade Area of the Americas, talk delivered to the Second Annual Miami International Arbitration Conference, Coral Gables, an. 2004.

"Concluding Remarks," talk delivered to Inter-American Law Review Symposium 2004: International Arbitration, Miami, April 2004.

"Federalism in Brazil," paper delivered at the International Seminar Federalism in the Americas and Beyond, Duquesne University School of Law, Nov. 2004.

"The Civil Law System—Basic Concepts," lecture at the Florida Bar's International Law Update and Certification Seminar, Miami, Jan. 2005.

"La Formación, Derechos Fundamentales y Reforma de la Constitución Norte Americana," lecture delivered at the Seminario Internacional de Derecho Constitutcional, Clube De Abogados, Bogotá, Colombia, September 2005.

"A Defesa da Ordem Pública e a Convenção de Nova Iorque," lecture delivered at the Congresso Internacional de Arbitragem- 10 Anos da Lei 9.307/96, Teatro HSBC, Curitiba, Brazil, June 2006.

"Os Efeitos do Controle de Constitucionalidade numa Perspectiva Comparada," lecture delivered at the Instituto os Advogados, Curitiba, Brazil, June 2006.

WORKS IN PROGRESS

Second edition of LAW AND DEVELOPMENT IN LATIN AMERICA (Chapters I,II, III completed)

New Book: Introduction to Brazilian Law (3 chapters completed)

Arbitration in Brazil (to be published by JurisNet)

EXPERT TESTIMONY AND AFFIDAVITS

Expert witness on the law of Paraguay, Lineas Aereas Paraguayas, et al. vs. Fairchild-Hiller, U.S. District Court, Baltimore, MD (Jan. 1979).

Expert witness on the law of Argentina, Branca vs. Security Benefit Life Insurance Co., U.S. District Court, Miami, FL (Apr. 1983) and (Dec. 1991).

Expert Witness on the law of Panama, U.S. vs. Pedro Llaguno, U.S. District Court, Miami, FL (Nov. 1985).

Expert Witness on the law of Panama and Puerto Rico, U.S. vs. Gruman, U.S. District Court, Miami, FL (Apr. 1986).

Special Master on the law of the Dominican Republic, Arrow Air Inc. vs. APA International, S.A., Dade County Circuit Court (May 1986).

Expert Witness on the law of Colombia and Panama, In the Matter of the Marriage of Ana Maria Barrios Franco and Carlos Franco, Sr., District Court, Hidalgo County, Texas (Sept. 1986).

Expert Witness on the law of Colombia in U.S. vs. Carlos Sarmiento et al, U.S. District Court for the Southern District of Florida (June 1987).

Submitted an affidavit on Puerto Rican law, ABA Professional Association, Inc. vs. Augusto Menendez, Case      No.87-23630 CA 27 in the Circuit Court of the 11th Judicial District, Dade County, Florida (Aug. 1987).

Submitted two affidavits on Brazilian law, Shonac Corporation vs. Marquesa International Corporation et al, U.S. District Court for the District of N.J. (Jan.

1988), 1988 U.S. Dist. LEXIS 4639, 1988 WL 50601.

Submitted an affidavit Brazilian law, <u>Sidnei Moura Nehme vs. Sea-Land Seafood,Inc.</u>, Dade County Circuit Court (May 1988).

Submitted an affidavit on Brazilian law in <u>Crown Industria vs. Hallmark Cards, Inc.</u>, U.S. District Court for the Western District of Missouri (June 1988).

Expert Witness on the law of Venezuela in <u>Banco de Comercio, S.A.C.A., et al vs. Juan Vicente Perez Sandoval et al</u>, Circuit Court of the Eleventh Judicial Circuit, Dade County, Florida (Oct. 1988).

Submitted an affidavit on Brazilian law in <u>Atwood Turnkey Drilling, Inc. et al vs. Petroleo Brasileiro, S.A. et al</u>, U.S. District Court for the Southern District of Texas, Houston Division (Mar. 1989).

Submitted an Affidavit on Bolivian law in <u>Capital Bank vs. Banco de Cochabamba</u>, Circuit Court of the Eleventh Judicial Circuit, Dade County, Florida (Mar. 1989).

Submitted an Affidavit on Bolivian law in <u>Banco Nacional de Bolivia</u>, Circuit Court of the Eleventh Judicial Circuit, Dade County, Florida (Mar. 1989).

Submitted an Affidavit on Colombian law in <u>Sami Behar vs. Sun Bank/Miami</u>, Circuit Court of the Eleventh Judicial Circuit, Dade County, Florida (May 1989).

Submitted an Affidavit on Argentine law in <u>Republic National Bank of Miami vs. Financiera Tralson S.A. et al.</u>, Supreme Court of State of New York, County of New York (July 1990).

Expert Witness on the law of Panama in <u>Eugene Hasenfus et al. vs. Richard Secord et al.</u>, United States District Court for the Southern District of Florida (Aug. 1990).

Submitted an Affidavit on the law of Panama in <u>Patricio Janson vs. Piper Aircraft Corp.</u>, U. S. District Court for the Southern District of Florida (Sept.1990).

Submitted an Affidavit on the law of Colombia in <u>Marta Argueta vs. Suzuki Motor Co., Ltd.</u>, U. S. District Court for the Southern District of Florida (Sept. 1990).

Expert Witness on the law of Peru in <u>Unisys vs. Banque Sudameris and Banco de Comercio</u>, U. S. District Court for the Southern District of Florida (Nov. 1990).

Submitted an affidavit on the law of Peru in <u>United States of America vs. All</u>

Monies ($99,310.01), U. S. District Court for the District of Hawaii (Nov. 1990).

Submitted four Affidavits to the Colombian Supreme Court In re: Exequatur Proceedings against Alberto Duque et al. (Apr. 1991).

Submitted two Affidavits on Brazilian law in Edward Smith vs. Eldon T. Anson et al., U.S. District Court for the Southern District of Illinois, 801 F. Supp. 176 (S.D. Ill. 1992).

Expert Witness on the law of Colombia in U.S. vs. Cecilia Estupinan, U.S District Court for the Southern District of Florida (Mar. 1991).

Expert Witness on the law of Colombia in United States of America vs. All Funds in Accounts Maintained at Merrill Lynch et al, United States District Court for the Eastern District of New York (June 1991).

Submitted an Affidavit on the Law of Nicaragua in Tania Flores de Brenes et al. vs. Transportes Aereos Nacionales, S.A., Circuit Court of the Eleventh Judicial Circuit, Dade County, Florida (Oct. 1991).

Submitted Affidavit on law of Honduras in Evenor Lopez-Scott et al. vs. Transportes Aereos Nacionales, S.A., et al., District Court of Harris County, Texas (Dec. 1991).

Submitted Affidavit on law of Nicaragua in Evenor Lopez-Scott et al. vs. Transportes Aereos Nacionales, S.A., et al., District Court of Harris County, Texas (Dec. 1991).

Expert Witness on the law of Mexico in Astilleros Unidos de Ensenada, S.A. de C.V. vs. NEI Syncrolift, Inc. et al, U. S. District Court for the Southern District of Florida (Mar. 1992).

Submitted Affidavit to the Venezuelan Supreme Court In re: Exequatur Proceedings against Juan Vicente Perez Sandoval et al. (Mar. 1992).

Submitted an Affidavit on the law of Argentina in In re: Extradition Proceedings of the Republic of Argentina vs. Jose Luis Pujalte Franco (Mar. 1992).

Expert witness on the law of Argentina, Brazil, Paraguay    and    Venezuela    in Babbit Electronics, Inc. vs. Dynascan Corporation, U.S. District Court for the Southern District of Florida (Apr. 1992), 38 F. 3d 161 (11th Cir. 1994).

Submitted an Affidavit on Colombian law in In re: Alberto Duque, U.S. Bankruptcy

Court, Southern Distrct of Florida (May 1992).

Submitted two Affidavits on Brazilian law in <u>Pittsburgh National Bank et al. vs. Miguel Martins Feitosa</u>, U.S. District Court for the Western District of Pennsylvania (Aug. 1992 & Je. 1993).

Submitted Affidavit on law of Costa Rica in <u>Ornamentales Siempre Verde vs. E.I. du Pont de Nemours & Company, Inc.</u>, Circuit Court of the Seventeenth Judicial for Broward County, Florida (Oct. 1992).

Submitted Affidavit on law of Costa Rica in <u>Plantaciones Verde, S.A. vs. E.I. du Pont de Nemours & Company, Inc.</u>, Circuit Court of the Seventeenth Judicial for Broward County, Florida (Dec. 1992).

Expert witness on the law of Mexico and Argentina in <u>Olga Lambertini vs. Frank Lambertini</u>, Eleventh Circuit Court of Dade County (June 1993).

Submitted an Affidavit on Mexican law in <u>In Re: Estate of Israel S. Levitt vs. Roslyn Levitt</u>, Fifteenth Circuit Court of Palm Beach County (Sept. 1993).

Submitted Affidavits on the laws of the Dominican Republic and Haiti in <u>Costa Nursery Farms, Inc. et al. vs. E.I. du Pont de Nemours & Company, Inc.</u>, Eleventh Circuit Court of Dade County (Nov. 1993).

Submitted Affidavit on the law of Puerto Rico in <u>Plantas la Paloma et al. vs. E.I. du Pont de Nemours & Company, Inc. et al.</u>, Eleventh Circuit Court of Dade County (Nov. 1993).

Submitted an Affidavit on the law of Nicaragua in <u>Elfrida Ramirez Alvarez et al. vs. Servicios Aereos de Honduras S.A.</u>, U.S. District Court for the Southern District of Texas, Houston Division (Feb. 1994).

Submitted an Affidavit on the Law of Costa Rica in the Claim of <u>Michele Salcino as Father of Guisseppe Salcino Molina</u> (U.S. Army Claims Service, Foreign Torts Branch 1994).

Submitted an Affidavit on the Law of Argentina in <u>Sengiali vs. Equifax, Inc. et al</u>, U.S. District Court of the Southern District of Florida (Aug. 1994).

Submitted an Affidavit on the law of Venezuela in <u>Carlos Alberto Cortez et al. vs. American Telephone and Telegraph Company et al.</u>, U.S. District Court for the Southern District of Florida (Sept. 1994).

Submitted an Affidavit on the law of the Dominican Republic in <u>Vincent vs. Vincent</u>, Seventeenth Circuit Court of Broward County (Sept. 1994).

Submitted an Affidavit on the law of Ecuador in <u>Noboa vs. Noboa</u>, Eleventh Circuit Court of Dade County (Feb. 1995).

Submitted three Affidavits on the law of Brazil in <u>Carlos Alberto Machline vs. National Helicopters</u>, U.S. District Court for the Southern District of N.Y. (Mar.-Apr. 1995).

Submitted Affidavit on the law of Venezuela in <u>First Union National Bank of Florida vs. Saneesha Investments et al.</u>, Eleventh Circuit Court of Dade County (Feb.1996).

Submitted Affidavit on the law of Venezuela in <u>First Union National Bank of Florida vs. Hernan Jose Sisco et al.</u>, Eleventh Circuit Court of Dade County (Feb. 1996).

Submitted an affidavit on the laws of El Salvador, Guatemala, and Nicaragua in <u>Raul Palacios Roman et al. vs. Aviateca, S.A.</u>, U.S. District Court for the Southern District of Texas, Houston Division (Feb. 1996).

Submitted an affidavit on the laws of El Salvador, Guatemala, and Nicaragua in <u>Maria Jose Murillo Martin de Mendez vs. Empresa Guatemalteca de Aviacion et al.</u>, Eleventh Circuit Court of Dade County, Fla. (Mar. 1996).

Expert witness and submitted two Affidavits on the law of Venezuela in <u>Banco Latino, S.A.C.A et al. vs. Gomez-Lopez, et al.</u>, U.S. District Court for the Southern District of Florida (Mar. 1996).

Submitted Affidavit on the law of Colombia in <u>Olimpia Maria Oviedo de Abello et al. vs. Sociedad Aeronautica de Medellin Consolidada, S.A. et al.</u>, Eleventh Circuit Court of Dade County, Fla. (Mar. 1996).

Submitted Affidavit on the law of Panama in <u>Ingra Renee Luciana et al. vs. Compañia Panameña de Aviación, S.A. et al.</u>, Eleventh Circuit Court of Dade County, Fla. (Apr. 1996).

Submitted an affidavit on the laws of El Salvador, Guatemala, and Nicaragua in <u>Barbara Davis et al.vs. Aviateca, S.A.</u>, U.S. District Court for the Southern District of Texas, Houston Division (May 1996).

Submitted Affidavit on the law of Honduras in <u>Yvonne Romero et al vs. Transportes</u>

Aereos Nacionales et al., Eleventh Circuit Court of Dade County, Fla. (May 1996).

Submitted Affidavit on the law of Venezuela in Carlos Gill vs. Republic National Bank of Miami et al., Eleventh Circuit Court of Dade County, Fla. (May 1996).

Submitted Affidavit on the law of Costa Rica in Francisco Woods et al. vs. Nova Companies Belize, Ltd. et al., Eleventh Circuit Court of Dade County, Fla. (July 1996).

Submitted Affidavit on the law of the Dominican Republic in Joerg Schulz et al. vs. Allegro Resorts Marketing Corp. et al., Eleventh Circuit Court of Dade County, Fla. (Aug. 1996).

Submitted Affidavit on the law of Colombia in Roberto Velasco et al. vs. American Airlines et al., U.S. District Court for the Southern District of Florida (Dec. 1996).

Submitted Affidavit on the law of El Salvador in McDonald's Corporation vs. Roberto Bukele et al., U.S. District Court for the Northern District of Illinois (Dec. 1996).

Submitted Affidavit on the law of Brazil in Hercules Trading Corp. vs. Barnett Bank of South Florida, Eleventh Circuit Court of Dade County, Fla. (Jan.1997).

Submitted Two Affidavits on the law of Brazil in The Dow Chemical Co. vs. Federal Insurance Co., U.S. District Court for the Western District of PA. (Mar. 1997, Dec. 1997).

Submitted an Affidavit on the law of Bolivia in Eastman Kodak Company vs. Susana Kavlin et al., U.S. District Court for the Southern District of Florida, 978 F. Supp. 1078 (S.D. Fla. June 1997).

Submitted a Reply Affidavit on the laws of El Salvador, Guatemala, and Nicaragua in In Re: Air Crash Disaster of Aviateca Flight 901 near San Salvador, El Salvador on August 9, 1995, U.S. District Court for the Southern District of Florida (June 1997).

Submitted an Affidavit on the Law of Costa Rica in the case of Productora de Semilas, S.A. vs. E.I. Du Pont de Nemours & Co., Eleventh Circuit Court of Dade County, Fla. (Aug. 1997).

Submitted an Affidavit on the law of Brazil in Carlos Badin vs. Raul Francisco et al., Eleventh Circuit Court of Dade County, Fla. (Sept. 1997).

Expert Witness on the law of Colombia in <u>Guillermo Hoyos Salazar vs. Gabriel Eusse et al.</u>, Seventeenth Judicial Circuit of Broward County, Florida (Dec. 1997).

Submitted Affidavit on the law of Venezuela in <u>Transamerica Leasing Inc. et al. vs. La República de Venezuela et al.</u>, U.S. District Court for the District of Columbia (Mar. 1998).

Submitted Affidavit on law of Brazil in <u>United States Fidelity and Guaranty Company et al. vs. Braspetro Oil Services Company et al.</u>, U.S. District Court for the Southern District of New York (Mar. 1998).

Expert Witness on the law of Colombia in the case of <u>Carlos Mejias</u>, US Immigration Judge, Miami, Fl. (Apr. 1998).

Expert Witness on the law of Venezuela in <u>In Re: The Marriage of Juan Alberto Rivero Hudec vs. Rosa Yolanda Gomez de Rivero</u>, Eleventh Judicial Circuit Court of Miami-Dade County (July 1998).

Expert Witness on the law of Colombia in <u>Clara Posada vs. Alfredo Olivares et al.</u>, Eleventh Judicial Circuit Court of Miami-Dade County (Sept. 1998).

Submitted an Affidavit on the law of Venezuela in <u>FOGADE, et al. vs. ENB Revocable Trust, et al.</u>, U.S. District Court for the Southern District of Florida (Feb. 1999).

Submitted two Affidavits on Venezuelan law in <u>Alas International Limited vs. Nelson Ramiz et al.</u>, Supreme Court of the State of New York, County of New York (Feb. 1999).

Submitted an Affidavit on Ecuadorian and U.S. law in <u>The Central Bank of Ecuador et al. vs. Ansbacher (Bahamas) Limited as Trustee of Conticorp Bahamas Trust</u>, Supreme Court of the Bahamas, Equity Side (May 1999).

Submitted an Affidavit on Brazilian law in <u>Pro-Line International Corp. vs. American Express Travel Related Services Company, Inc.</u>, Seventeenth Judicial Circuit Court of Broward County (Sept. 1999).

Testified as an expert witness on the laws of the countries of Mercosur and the Andean Community in <u>Ives Company Limited et al. vs. Dominion Textile Mauritius, Inc.</u>, before an International Arbitration Tribunal in New York City (Nov. 1999).

Submitted an Affidavit on Latin American and Dominican law in <u>United States vs. Pedro Guerrero et al.</u>, U.S. District Court for the Southern District of Florida

(Dec.1999) and testified as expert witness in Mar. 2000.

Submitted an Affidavit on the law of Paraguay in Margarita Peña Bo et al. vs. Eduardo Bo, Eleventh Judicial Circuit Court of Miami-Dade County (Apr. 2000) and testified as an expert witness in Oct. 2000.

Submitted an Affidavit on the law of Bolivia in Rodolfo Flores, U.S. District Court for the Southern District of Florida (Sept. 2000).

Submitted two Affidavits on the law of Guatemala in Peter Kolonias et al. vs. Alpine Helicopters, Ltd. et al., Superior Court of the State of New York, Kings County (Oct. 2000, Apr. 2001).

Submitted an Affidavit on the law of Mexico in Marine Power International Limited /d/b/a Mercury Marine Latin America and Caribbean vs. San Carlos Marinos de CV. of Mexico, U.S. District Court for the Southern District of Florida (Oct. 2000).

Testified as an expert witness on the law of Colombia in In Re: Forfeiture of $341,675.00 in U.S. Currency, Eleventh Judicial Circuit Court of Miami-Dade County (Oct. 2000) and submitted an Affidavit on Colombian law in Aug. 2001.

Submitted an Affidavit on the law of Brazil in In Re: Estate of Alicides Jose Peres, Probate Division of the Circuit Court for Miami-Dade County, Florida (Oct. 2000).

Submitted an Affidavit on the law of Paraguay in Bank of America vs. Jose Luis Jara Guggiari et al., Eleventh Judicial Circuit Court of Miami-Dade County (Oct. 2000) and testified as an expert witness in Dec. 2000.

Testified as an expert witness on the laws of Panama and the Dominican Republic in Domar Ltd. vs. Rintin Corp.,S.A., before an American Arbitration Association panel in Miami, Fl. in Dec. 2000.

Testified three times as an expert witness on Mexican law in Oscar Elizundia vs. Monica V. Cabrero de Elizundia, Eleventh Judicial Circuit Court of Miami-Dade County, Family Division (Apr. 2001) and (Oct. 2001).

Submitted an Affidavit on the law of Honduras in Flores v. Flores, Eleventh Judicial Circuit Court of Miami-Dade County (May 2001).

Submitted an Affidavit on the law of Brazil in The State of Rio de Janeiro of the Federated Republic of Brazilvs.Philip Morris Companies, Inc., District Court of Angelina County (217th Judicial District), Texas (May 2001).

Submitted an Affidavit on the law of Bolivia in <u>Gonzales de Sosa vs. Dallas Automotive, Inc. et al</u>, Eleventh Judicial Circuit Court of Miami-Dade County (May 2001).

Submitted two Affidavits on the law of Costa Rica in <u>Administradora de Citricos de Costa Rica et. al. vs. E.I. Du Pont De Nemours & Co., Inc. et al.; and Super Helechos, S.A. et al. vs. E.I. Du Pont De Nemours & Co.,Inc. et al.</u>, Eleventh Judicial Circuit Court of Miami-Dade County (Sept. 2001).

Submitted an Expert Witness Report on Brazilian law in <u>Frank H. Wheaton III vs. Paul R. Porreco, Administrator for Estate of Frank H. Wheaton, Jr. et al.</u>, U.S. District Court for the District of New Jersey (Oct. 2001).

Submitted an Affidavit on Venezuelan law in <u>Ligia Pacheco de Perez et al. vs. AT&T Company et al.</u>, State Court of Fulton County, Georgia (Mar. 2002).

Submitted a Report as the Court's Expert on Honduran law in the case of <u>U.S. vs. One Lucite Ball</u>, U.S. District Court for the Southern District of Florida (Mar. 2002).

Submitted two Affidavits on Mexican law in the case of <u>Lisa Mae Miles vs. Resort Condominiums International, Inc. et al.</u>, Eleventh Judicial Circuit Court of Miami Dade County (Apr. & Aug. 2002).

Submitted a Declaration on the laws of Colombia and Guatemala in <u>Dina Patricia Matamoros de Leon de Chacon vs. Dyncorp et al.</u>, U.S. District Court for the Middle District of Florida (Je.2002).

Submitted an Affidavit on Brazilian law in <u>Franz Altenor vs. Nehemie Edouard, Pro-Line Collision, Inc. et al.</u>,Eleventh Judicial Circuit Court of Miami-Dade County (Oct. 2002).

Submitted an Affidavit on Venezuelan law in <u>Northrop Grumman Ship Systems, Inc. v. The Ministry of Defense of the Republic of Venezuela and the Bank of New York</u>, U.S. District Court for the Southern District of Mississippi (Nov. 2002).

Submitted an Affidavit on the law of El Salvador in <u>Telemovil El Salvador, S.A. v. Millicom International Cellular, S.A.</u>, Eleventh Judicial Circuit Court of Miami-Dade County (Jan. 2003).

Testified as an expert witness on the law of Brazil in <u>Freemarkets, Inc. v. Vésper, S.A.</u>, before an International Arbitration Tribunal in Lisbon (May 2003).

Testified as an Expert Witness on the law of Argentina in <u>In Re: The Marriage of Antonio Esposito Tuccillo and Viviana Cozzuol</u>, Eleventh Judicial Circuit Court of Miami-Dade County (June 2003).

Submitted two Affidavits on Mexican law in <u>Gerardo Martin Demerutus Chaul et al. v. Mohammed Abu-Ghazaleh; IAT Group, Inc; Fresh del Monte Produce, Inc. et al.</u>, Eleventh Judicial Circuit Court of Miami-Dade County (June 2003 and June 2004).

Submitted an Expert's Report and testified on Argentine law in <u>Godot, S.A. v. Wendy's International, Inc.</u>, U.S. District Court for the Southern District of Florida (September 2003).

Submitted an Expert's Report and deposition testimony on    Mexican law in <u>Jane Doe (PMB) v. Marriott International Inc. et al.</u>, U.S. District Court for the Northern District of Georgia (September 2003).

Submitted an Affidavit on Argentine law in <u>Monica Susana Paolicelli et al. v. Ford Motor Company et. al.</u>, U.S. District Court for the Southern District of Florida (November 2003).

Submitted an Affidavit on Argentine law in <u>Francisco Javier Pacheco et al. v. Ford Motor Company </u>, U.S. District Court for the Southern District of Florida   (Jan. 2004).

Submitted an Affidavit on Argentine law in <u>Alberto Daniel Brandalise Pacheco et al.v.Ford Motor Company, </u>U.S. District Court for the Southern District of Florida (Jan. 2004).

Submitted an Affidavit, Deposition testimony, and testified on Mexican law in <u>Okeda de Mexico S.A. de C.V. et al. v. Joaquin Heras Heranz et al.</u>, Eleventh Judicial Circuit Court of Miami-Dade County (April 2004).

Submitted an Affidavit on Argentine law in <u>Juan Pablo Andres Alonso et al. v. Ford Motor Company et al.</u>, U.S. District Court for the Eastern District of North Carolina (April 2004).

Submitted an Affidavit on the law of the Dominican Republic in <u>The Liquidation Commision of Banco Intercontinental, S.A. v. Luis Alvarez Renta, et al.</u>, U.S. District Court for the Southern District of Florida (May 2004).

Submitted three Affidavits on the law of Honduras in <u>Manuel Perez Vasquez v. Ana Rosa Tomas de Jesus Rivera Galindo, et al.</u>, Eleventh Judicial Circuit Court of Miami-Dade County (June 2004, Mar. 2005, May 2005).

Submitted a Declaration on the law of Argentina in <u>Carlos Water et al. v. Boston Securities, S.A. et al.</u>, U.S. District Court for the Southern District of Florida (June 2004).

Arbitrator in <u>Lipman Electronic Engineering Ltd. v. Techlink Industria Electrônica de Bahia Ltda. el al.</u>, Am. Arb. Assoc., São Paulo, Brazil, Aug. 2004).

Submitted two Affidavits on the law of Costa Rica in <u>Ticofrut, S.A. v. E.I. Du Pont de Nemours & Company, Inc.</u>, Eleventh Judicial Circuit Court of Miami-Dade County (Oct. & Nov. 2004).

Submitted a Declaration on the laws of Mexico and Colombia in <u>United States of America v. $960,000</u>, U.S. District Court for the Southern District of Florida (Dec. 2004).

Submitted two Affidavits on Brazilian law in <u>Carlos Valdesuso v. Maria da Graca Fusquine</u>, Eleventh Judicial Circuit Court of Miami-Dade County (Feb. & May 2005).

Submitted an Affidavit on the law of Colombia <u>In Re: Forfeiture of $52,700 in U.S. Currency; Etc.</u>, Eleventh Judicial Circuit Court of Miami-Dade County (May 2005).

Submitted a Reply Affidavit on the law of Argentina in <u>In Re: Bridgestone/Firestone, Inc., Tires Products Liability Litigation, Pastor et al. v. Bridgestone/Firestone North American Tire, LLC, et al.</u>, U.S. District Court for the Southern District of Indiana, Indianapolis Division (June 2005).

Submitted an Affidavit on the law of Colombia in <u>Llanos Oil Exploration, Ltd. v. Drummond Company, Inc.</u>, U.S. District Court Middle District Fla. (Oct. 2005).

Submitted a Reply Affidavit on the Law of Argentina in <u>Anibal Oscar Papandopoles et al. v. Ford Motor Co.</u>, Seventeenth Judicial Circuit Court of Broward County (Nov. 2005).

Submitted an Affidavit on the Law of Nicaragua in <u>Zelaya v. Zelaya</u>, U.S. District Court for the S.D. Fla. (Dec. 2005).

Submitted an Affidavit on the law of Argentina in <u>Santiso et al. v. Ford Motor Co. et al.</u>, Seventeenth Judicial Circuit Court of Broward County (Dec. 2005).

Submitted an Affidavit on the law of Brazil in <u>International Equity Investments, Inc. v. Carla Cico</u>, U.S. District Court for the S.D. of N.Y.  (Jan. 2006).

Testified on the law of Brazil in <u>Carla Maria de Oliveira Serra v. Transbrasil SA Linhas Aereas</u>, Eleventh Judicial Circuit Court of Miami-Dade County (March 2006).

Submitted an Affidavit on the law of Mexico in <u>In Re: The Marriage of Leslie Torres a/k/a Leslie Aronja and E$dgar Ricardo Arjona a/k/a Ricardo Arjona</u>, Eleventh Judicial Circuit Court of Miami-Dade County (May 2006).

Submitted an Affidavit on the Law of Panama in <u>Gonzalez v. Air Trek, Inc. et al.</u>, Twentieth Judicial Circuit Court of Charlotte County, Florida (May 2006).

Submitted an Expert's Report and Deposition Testimony in <u>Implamed-Impantes Especializados, Comercio, Importacao e Exportacao Ltda. V. Zimmer, Inc.</u>, U.S. District Court for the S.D. Fla., Miami Div. (Oct. 2006).

Submitted an Affidavit on the law of Brazil in <u>In Re Application for an Order for Judicial Assistance in a Foreign Proceeding in the Labor Court of Brazil</u>, U.S. Distict Court for the N. Dist. of Ill., Eastern Div. (Oct. 2006).

## GRANTS AND AWARDS

Social Science Research Council Grant for Study of Inflation in Argentina, Brazil, and Chile, July 1970 to December1970; Dana Foundation Grant for preparation of book on the Brazilian Legal System, June 1982 - September 1982; Fulbright Lecturer, Buenos Aires, Argentina, August 1987; Fulbright Lecturer, Mendoza, Argentina, October 1988; Order of Democracy Award (Grado Gran Oficial), Congress of the Republic of Colombia, November 1987; Order of Law Award (Grado Oficial), Colegio de Abogados de Bogotá, March 1989;Lawyer of the Americas Award, Inter-American Law Review,April 1989; Jurista Emerito Award, Bogotá Bar Association,Oct. 1993; Inter-American Bar Association Jurisprudence Prize for Scholarship on Inter-American Law, May 1998; Order of the Congress of Colombia (Grado Caballero), Feb. 2000; Order of the Lawyers of Colombia (Grado Caballero), Sept. 2005.

## COURSES TAUGHT

Comparative Law, Comparative Law of Latin America, Law and Development in Latin America, U.S. Constitutional Law, Criminal Law, Criminal Procedure, Doing Business in Latin America, Law and Inflation, International Business Planning Seminar, Federal Jurisdiction and Courts, International Business Transactions,

Foreign Investment in Brazil Seminar, Principles of American Law.

UNIVERSITY COMMITTEE RESPONSIBILITIES

Chairman, Personnel and Tenure Committee, 1974-75, 1978-79; Chairman, Admissions Committee, 1973-74; Chairman Clinical Comm. 1976-77; Dean Search Comm., 1977-78; Chairman, Lat. Am. Library Comm., 1969-79; Chairman, Library Comm., 1980-81; Chairman, Dean Search Comm., School of Business Administration, 1982; Dean Search Comm., Grad. School of Int'l Stud., 1983; Dean Search Comm., Law School, 1985; Chairman, Curriculum Comm. 1989; Chairman, Promotion and Tenure Committee, 1990-1991; Chairman of the Appointments Committee, 1996-99.