# APUZZO & CHASE

*Law Offices*

800 Third Avenue - Suite 800
New York, New York 10022
Tel. (212) 297-0885
Fax (212) 297-0887

William J. Apuzzo        (FL & NY)
(Florida Bar No. 369357)
email: wapuzzo@apuzzolaw.com
David Chase              (NY)
email: dchase@apuzzolaw.com

4448 Cordia Circle
Coconut Creek, Florida 33066
Tel. (866) 485-2262
Fax.(561) 820-8106

Of Counsel:
Nicole A. Filannino      (NY)
P. Charles DiLorenzo     (NY & NJ)
Michael J. Pangia        (NY & DC)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

October 23, 2006

Hon. Denny Chin
United States District Judge
Daniel Patrick Moynihan Courthouse
Room 1020
New York, NY 10007-1312
Via Fax: (212) 805-7906

Re: Guimaraes v. Speiser Krause No. 05 CV 2210 (DC)(S.D.N.Y.)
    Minitti v. Speiser Krause No. 04 CV 07976 (DC)(S.D.N.Y.)

Dear Judge Chin:

*[Handwritten endorsement: This application is DENIED except that defendant may file reply papers with respect to each motion by 11/14/06. SO ORDERED. [signature] 10/27/06]*

We represent the defendant Speiser Krause in the above two actions. Presently on file with the Court are defendant's moving papers in support of its motions for summary judgment in each of the above cases. Also on file are the respective plaintiffs' opposition to those motions - which were electronically filed over this past weekend. As presently scheduled, Speiser Krause's replies in the subject motions are due Monday, October 30, 2006. I write to the Court for additional time, and for permission to submit supplemental memoranda to fully brief two issues of choice of law. This procedure is available to the Court under Rules 16(c)(1), 16(c)(5) and/or 16(c)(12).

*Issue 1: Application of Brazilian Law*:

Plaintiff Renato Guimaraes' opposition raises, for the first time, pursuant to Federal Rule of Civil Procedure 44.1, an issue concerning the application of Brazilian law to aspects of his breach of contract claim. Guimaraes Memorandum in Opposition at p. 33, FN 21. This notice is accompanied by a ten page declaration by Keith Rosenn, an individual who declares his expertise in comparative and Brazilian law. In sum, Guimaraes (a Brazilian attorney) argues that he is entitled to a fee even if the underlying clients discharged him for cause. *Id.* at 33-34; Rosenn declaration at ¶13.

As far as can be ascertained, plaintiff Wanderley Minitti's summary judgment opposition also raises the issue of application of Brazilian law. In sum, Minitti argues that Guimaraes bound Speiser Krause to pay Minitti a fee under prevailing Brazilian rules which allow for the assignment of Power of Attorney from one lawyer to another. *See*, Minitti Memorandum in Opposition at 2-3; Affidavit of Wanderley Minitti at p.6.

# MEMO ENDORSED