UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.: 05-CV-2210(DC)

RENATO GUIMARAES, JR.,

Plaintiff,

vs.

SPEISER, KRAUSE, NOLAN & GRANITO, a professional corporation, f/k/a SPEISER, KRAUSE, MADOLE & LEAR, a professional corporation,

Defendant.
_______________________________________/

**REPLY TO DEFENDANT'S AMENDED COUNTERCLAIM**

Plaintiff, RENATO GUIMARAES, JR. ("Guimaraes"), by and through his undersigned counsel, files this Reply to Defendant, SPEISER, KRAUSE, NOLAN & GRANITO's ("Speiser Krause") Second Counterclaim for Tortious Interference with Prospective Business Advantage, and alleges as follows:

1-4. Guimaraes reasserts his original response to Speiser Krause's First Counterclaim for Indemnity and moves to dismiss said claim, with prejudice, as moot. The indemnity claim sought recovery from Guimaraes in the event the Minitti Action against Speiser Krause resulted in the entry of a judgment in favor of Minitti. Because the Court has granted Speiser Krause's motion for summary judgment against Minitti, there is no longer a basis for an indemnity claim against Guimaraes.

5. Guimaraes admits that he and Speiser Krause developed an attorney-client relationship with sixty-five claimants resulting from the TAM aircraft crash in Brazil in 1997, and further alleges that he introduced Speiser Krause to those claimants and had a fee-sharing agreement

with Speiser Krause concerning their joint representation of these clients.

6. Guimaraes admits that in 1998 these TAM clients retained he and Speiser Krause to represent them in the legal action.

7. Guimaraes admits that the fee agreements with the clients provided that he and Speiser Krause would earn a contingent fee upon a monetary recovery the clients, plus expenses.

8. Admitted.

9. Guimaraes admits that he was fully aware of the attorney-client relationship between himself, Speiser Krause, and the TAM clients.

10. Guimaraes admits that Speiser Krause initiated litigation on behalf of the TAM clients. All other allegations in this paragraph are denied.

11. Guimaraes admits that in 2000 Speiser Krause negotiated settlement offers for the TAM clients being represented jointly by Guimaraes and Speiser Krause.

12. Admitted.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Guimaraes denies all factual allegations in the Amended Counterclaim to the extent not expressly admitted herein.

**AFFIRMATIVE DEFENSES TO COUNTERCLAIM FOR TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE**[1]

1. Speiser Krause's claim for tortious interference is barred, in whole or in part, by the statute of limitations.

2. Speiser Krause's claim for tortious interference is barred, in whole or in part, by the doctrine of laches.

3. Speiser Krause fails to state a claim for tortious interference under the law of Brazil, the jurisdiction with the most significant relation to the tort that is alleged to have occurred.

4. Speiser Krause fails to state a claim for tortious interference because one cannot interfere with a contract to which he is a party. Guimaraes was a party to the client retainer agreements that Speiser Krause alleges were interfered with. Accordingly, Speiser Krause cannot maintain a claim for tortious interference.

[1]Guimaraes hereby incorporates by reference and reasserts herein his Affirmative Defenses to the First Counterclaim in their entirety.

5. Speiser Krause fails to state a claim for tortious interference because Guimaraes was not the proximate cause of the TAM clients' decision to terminate Speiser Krause as their attorney.

6. Speiser Krause's fails to state a claim for tortious interference because it has not alleged whether the contracts with its clients were oral or written, or attached them to the counterclaim, or alleged that such contracts conferred upon it legal rights, and has failed to delineate the nature, duration and terms of these alleged relationships, or even who they were with.

7. Speiser Krause's claim for tortious interference is barred, in whole or in part, by the doctrine of waiver because Speiser Krause solicited Guimaraes' professional opinion as to the settlement and thereby waived any objection to his criticism of it and objections to it. Speiser Krause further waived any claims arising from its clients changing attorneys by, according to Speiser Krause's contentions, offering its clients a choice whether to settle or not to settle - a choice they cannot now claim was tortious interference by Guimaraes.

8. Speiser Krause's claim for tortious interference is barred, in whole or in part, by the doctrine of estoppel because Speiser Krause solicited Guimaraes' professional opinion as to the settlement and thereby is estopped from suing over his criticism of it and objections to it. Speiser Krause is further estopped from any claims arising from its clients changing attorneys by, according to Speiser Krause's contentions, offering its clients a choice whether to settle or not to settle - a choice they cannot now claim was tortious interference by Guimaraes.

9. The alleged interference on the part of the Guimaraes is not actionable because it was subject

to a qualified privilege or immunity to the extent Guimaraes acted in good faith, without employing improper means, and in furtherance of his duty as an attorney representing the TAM clients who had a duty to report unethical or illegal conduct to the proper authorities and to protect the best interests of the TAM clients. Likewise, a party complaining of illegal or improper conduct to a law enforcement or regulatory agency enjoys certain immunity when doing so when they have a good faith basis for said charge or complaint.

10. The alleged interference on the part of the Guimaraes is not actionable because it was justified to the extent Guimaraes acted in good faith, without employing improper means, and in furtherance of his duty as an attorney representing the TAM clients who had a duty to report unethical or illegal conduct to the proper authorities and to protect the best interests of the TAM clients. Moreover. Guimaraes was justified because he was entitled to protect a financial interest in the business of the person induced, and acts to protect his interest from being prejudiced.

11. Speiser Krause has not suffered any injury in fact.

12. Speiser Krause has failed to mitigate its damages, if any.

13. Guimaraes is entitled to setoff or offset for any amounts that are determined to be due to him from Speiser Krause in the main claim in this action.

14. Speiser Krause's claims are barred, in whole or in part, by Speiser Krause's fraud, bad faith and breach of Speiser Krause's fiduciary and ethical obligations as a result of Speiser Krause's intentional, willful and knowing misrepresentations to the TAM clients that the lawsuit in the United States was over; that the settlement offer was take it or leave it and

could not be further negotiated; and if they did not take the settlement offer they had no other remedy. These statements were material and false, and were reasonably relied upon by the TAM clients to their detriment.

15. Speiser Krause's claim for tortious interference is barred, in whole or in part, because the bar association in Brazil has already ruled that Guimaraes did not commit any breach of his ethical obligations.

16. Speiser Krause's claim for tortious interference is barred, in whole or in part, because Speiser Krause did not intend to have a continuing business relationship with the TAM clients.

17. Speiser Krause's claim for tortious interference is barred, in whole or in part, because Guimaraes was entitled to engage in good faith competition with regard to a contract terminable at will.

18. Speiser Krause's claim for tortious interference is barred, in whole or in part, because Speiser Krause committed a prior material breach of its contracts with the TAM clients by its intentional, willful and knowing misrepresentations to the clients that the lawsuit in the United States was over; that the settlement offer was take it or leave it and could not be further negotiated; and if they did not take the settlement offer they had no other remedy. These statements were material and false, and were reasonably relied upon by the clients to their detriment. Speiser Krause likewise committed a prior material breach of its contract with Guimaraes by refusing to honor its fee sharing agreement.

19. Speiser Krause's claim is not justiciable and is not yet ripe for adjudication because the

clients who discharged Speiser Krause have not yet concluded their litigation.

20. Guimaraes' conduct for which Speiser Krause claims tortious interference was not intentional but incident to another lawful purpose.

21. Speiser Krause's claim for tortious interference is barred, in whole or in part, because Speiser Krause has committed spoliation of evidence by failing to produce all of the client retainer agreements at issue.

WHEREFORE, Plaintiff, GUIMARAES, demands judgment in his favor on Speiser Krause's Counterclaim together with the costs of this litigation and for such other and further relief as this Court deems just and proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 2, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: **William J. Apuzzo, Attorney for Defendant, 800 Third Avenue, Suite 800, New York, NY 10022.**

s/ Richard E. Berman
Counsel of Record for Plaintiff
Richard E. Berman, Esq. (RB–2715)
Jose R. Riguera, Esq. (FBN: 860905)
Berman, Kean & Riguera, P.A.
2101 W. Commercial Blvd., Suite 2800
Ft. Lauderdale, FL 33301
Telephone: (954) 735-0000
Facsimile: (954) 735-3636

Renato Guimaraes v. Speiser Krause
Case No.: 05-CV-2210(DC)

S:\Docs\Guimaraes Answer & Affirmative Defenses.wpd

8