# APUZZO & CHASE

*Law Offices*

## MEMO ENDORSED

| | | |
|---|---|---|
| 800 Third Avenue - Suite 800<br>New York, New York 10022<br>Tel. (212) 297-0885<br>Fax (212) 297-0887<br><br>William J. Apuzzo      (FL & NY)<br>(Florida Bar No. 369357)<br>email: wapuzzo@apuzzolaw.com<br>David Chase      (NY)<br>email: dchase@apuzzolaw.com | | 4448 Cordia Circle<br>Coconut Creek, Florida 33066<br>Tel. (866) 485-2262<br>Fax.(561) 820-8106<br><br>Of Counsel:<br>Nicole A. Filannino      (NY)<br>P. Charles DiLorenzo      (NY & NJ)<br>Michael J. Pangia      (NY & DC) |

May 17, 2007

Hon. Denny Chin
United States District Judge
Daniel Patrick Moynihan Courthouse
Room 1020
New York, NY 10007-1312
*Via Fax*: (212) 805-7906

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 21, 2007

Re:   Guimaraes v. Speiser Krause No. 05 CV 2210 (DC)(S.D.N.Y.)

Dear Judge Chin:

On December 19, 2006, the Court allowed Speiser Krause to amend its Answer to include a second counterclaim for plaintiff's tortious interference. At our last conference on April 27, 2007, the Court granted plaintiff's request for permission to move for ~~summary judgment on~~ defendant's counterclaims, which motion is to be filed by ~~May 31, 2007. I write~~ in accordance with ~~the Local Rules~~ to request a pre-motion conference, and to obtain the Court's permission to cross-move, on that same briefing schedule, as follows:

1. ~~Plaintiff's first counterclaim seeks~~ indemnification or contribution from Guimaraes of the recently-dismissed companion Minitti action (No. 04 CV 07976). This counterclaim was made prior to discovery, and also prior to the dismissal of the Minitti case. Speiser Krause's damages in obtaining summary dismissal were both real and substantial. In conformity with Fed. R. Civ. Pro. 8(a)(3), Speiser Krause requests the opportunity to clarify that the damages and requested relief included the costs incurred by Speiser Krause in defense of the Minitti action. The plaintiff objects to including the cost of the Minitti defense within our indemnification claim.

2. Speiser Krause's Answer alleges affirmative defenses of Estoppel (3rd Affirmative Defense), Unclean Hands (6th Affirmative Defense), and Unconscionability (18th Affirmative Defense). While these affirmative defenses imply plaintiff's breaches of the implied covenant of good faith and fair dealing, this defense is not explicit in the pleading. Fed. R. Civ. Pro. 8(c) requires affirmative allegation of "any other matter constituting an avoidance or affirmative defense." Plaintiff's most recent deposition was held on April 25, 2007. Plaintiff's testimony confirmed that he sought to prevent Speiser Krause's performance of the alleged contract and deprive Speiser Krause of the bargained-for benefit thereof. To avoid any claim of "surprise" at trial, Speiser Krause would like to amend its Answer to include this defense.

*[Handwritten endorsement:]* Permission GRANTED. No premotion conference is required. SO ORDERED. 5/21/07 [signature] USDJ

*[Handwritten margin note:]* As to privilege documents, plaintiff shall submit the documents for in camera inspection for privilege.

Hon. Denny Chin
Guimaraes v. Speiser Krause
No. 05 CV 2210
May 17, 2007
Page 2.

3. Plaintiff recently served a privilege and work-product log of documents that have been withheld from production. Besides for being very late, the documents appear to be mere business correspondence with other attorneys, rather than attorney-client or work product communications. After receiving our written objection to the privilege log, Plaintiff replied that it would not produce these documents. We ask that the Court order Plaintiff to produce these documents as "confidential / attorneys eyes only." If there is a genuine issue of privilege, it may be addressed by a motion *in limine* regarding their use at trial.

The defendant has attempted to resolve the above issues with plaintiff's consent and has been unsuccessful.

Respectfully,

WILLIAM J. APUZZO
(WA-1312)

cc: Berman, Kean & Riguera