# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

Case No. 04 CV 07976 (DC)(RLE)

X==============================================================X

DR. WANDERLY MINITTI,

Plaintiff,

-against-

SPEISER, KRAUSE, NOLAN & GRANITO, PC,

Defendant.

X==============================================================X

*MEMORANDUM OF LAW*
*IN SUPPORT*
*OF DEFENDANT'S MOTION*
*TO AMEND ANSWER*

*Prepared by:*
Apuzzo & Chase
Attorneys for Defendant
800 Third Avenue - 8th Floor
New York, NY 10022

# TABLE OF CONTENTS

|  | Page |
|---|---|
| Table of Authorities | ii |
| Preliminary Statement | 1 |
| Facts | 1 |
| ARGUMENT | 2 |
| The Court Should Grant Defendant Leave to Amend its Answer to include an Affirmative Defense of Breach of the Covenant of Good Faith and Fair Dealing, and Breach of Contract | 2 |
| I. Plaintiff has always had notice of the facts concerning his own nonperformance of the alleged contract | 2 |
| II. Pleading Amendment Standards | 3 |
| III. Speiser Krause's proposed Affirmative Defense is Meritorious, and asserted in Good Faith | 7 |
| CONCLUSION | 9 |

## TABLE OF AUTHORITIES

**United States Supreme Court** — Page

*Blonder-Tongue Labs., Inc. v. University of Ill. Found.*, 402 U.S. 313, 350, 91 S.Ct. 1434, 28 L.Ed. 2d 788 (1978) .......... 6

*Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed. 2d 80 (1957) .... 7

**Federal Circuit Courts**

*Block v. First Blood Associates*, 988 F.2d 344 (2d Cir. 1993) ........ 7

*Harris v. Provident Life and Acc. Ins. Co.*, 310 F3d 73, 80 (2d Cir. 2002) .......... 9

*Leberman v. John Blair & Co.*, 880 F.2d 1555 (2d Cir.1989) ........ 9

*State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir.1981) .......... 7

*Strauss v. Douglas Aircraft Co.*, 404 F.2d 1152, 1157-58 (2d Cir. 1968).. 8

*Tokio Marine & Fire Ins. Co.*, 786 F.2d 101, 103 (2d Cir. 1986) ........ 8

*United States ex rel. Maritime Admin. v. Continental Ill. Nat'l Bank and Trust Co. of Chicago*, 889 F.2d 1248, 1254 (2d Cir. 1989) ........ 7

**Federal District Courts**

*Gabourel v. Bouchard Transportation Co., Inc.*, 901 F. Supp. 142, 144 (SDNY 1995) .......... 6

*Gabriel Capital, L.P. v. Natwest Finance, Inc.*, 137 F.Supp.2d 251, 270 (SDNY 2000) .......... 6-7

*Marathon Enterprises, Inc. v. Schroter GMBH & Co.*, 2003 WL 355238 (SDNY 2003) .......... 8

*Maritime Ventures Int'l, Inc. v. Caribbean Trading & Fidelity, Ltd.*, 689 F.Supp. 1340, 1357 (SDNY1988) .......... 8

*McAllister Bros., Inc. v. Ocean Marine Indem. Co.*, 742 F.Supp. 70, 80 (SDNY 1989) .......... 7

**TABLE OF AUTHORITIES** (cont'd)

*Federal District Courts* (cont'd)                                                                                      Page

    *Payday Advance Plus Inc. v. Findwhat.com, Inc.*, 478 F.Supp.2d 496
    (SDNY 2007) ........................................................................................... 9

    *Sundaram v. Brookhaven Nat'l Labs*, 424 F.Supp.2d 545, 584
    (EDNY 2006) ........................................................................................... 9

    *Thompson v. Gjivoje*, 687 F.Supp. 922, 924 (SDNY 1988) .................... 8

    *Travelers Ins. Co. v. Buffalo Reinsuarnce Co.*, 1990 WL 116741
    (SDNY 1990) ........................................................................................... 7-8

    *Travelers Intern., A.G. v. Trans World Airlines, Inc.*,
    41 F.3d 1570 (2d Cir.1994) ..................................................................... 9

    *Calloway v. Marvel Entertainment Group*, 110 F.R.D. 45,
    48 (SDNY1986) ...................................................................................... 8

    *International Bank v. Price Waterhouse & Co.*, 85 F.R.D. 140,
    142 (SDNY 1980) ................................................................................... 8

*State Courts*

    *City of New York v. 611 W. 152nd Street, Inc.*, 273 A.D.2d 125,
    710 N.Y.S.2d 36 (App. Div., 1st Dept 2000) ......................................... 8

**Federal Rules of Civil Procedure**

    8(c) ........................................................................................................... 5, 6

    8(e) ........................................................................................................... 6

    15(a) ......................................................................................................... 6, 7

**Other Material**

    *Moore's Federal Practice 3D* §8.07[5] LexisNexis 2006 ................. 6

## PRELIMINARY STATEMENT

Pursuant to Federal Rules of Civil Procedure 8(c) and 15(a) defendant Speiser, Krause, Nolan & Granito ("Speiser Krause") respectfully submits this Memorandum of Law in support of its motion for leave to amended its Answer to plaintiff Renato Guimaraes, Jr.'s ("Guimaraes") Amended Complaint to include an additional affirmative defense. The proposed additional affirmative defense is annexed to Affidavit of William J. Apuzzo ("Apuzzo Aff.") as Exhibit B.

## FACTS

Guimaraes' Amended Complaint seeks recovery of legal fees he alleges to have earned as a result of his contractual or alternatively his quasi-contractual dealings with Speiser Krause. *See generally,* Guimaraes' Amended Complaint (hereinafter the "FAC") which is Exhibit A to the Apuzzo Aff. Speiser Krause earned these fees by settling lawsuits it had instituted on behalf of the families of the victims of a 1996 Brazilian aviation disaster (the "TAM Crash"). *See Id.* Guimaraes' remaining causes of action claim contractual entitlement to 25% of Speiser Krause's fees or alternatively, a *quantum meruit* recovery based on theories of quasi contract. *Id.* Guimaraes' own performance under the alleged contract has always been at issue in this case. The FAC alleges performance pursuant to an alleged contract (¶26), and otherwise pursuant to the claimed quasi contract (¶¶10, 12). Speiser Krause has always denied these allegations, placing them "at issue" in this lawsuit. *See,* Apuzzo Aff. Exh. C at ¶¶ 10, 12, 26.

Speiser Krause was retained by the families of 64 Brazilian TAM Crash victims. *See,* FAC at ¶¶ 17-19. In 2000, after four years of litigation in multiple fora, Speiser Krause negotiated settlement offers from the defendants in the TAM Crash cases. *See* FAC at ¶22. Approximately forty-five (45) of Speiser Krause's TAM clients elected to accept the negotiated settlements and

1

conclude their cases. Guimaraes, however, opposed the settlements, and he initiated a campaign to impugn Speiser Krause. Apuzzo Aff. Exh. D at pp. 26-27, 51, 59-60, and 107-09. Guimaraes' campaign included denunciation of Speiser Krause and its work product. Id at pp. 19, 57-58. Guimaraes convinced at least nine clients to fire Speiser Krause and substitute other U.S. law firms as counsel of record. Id. at pp. 20, 129. Further, and prior to the funding of any settlement, Guimaraes ceased cooperating with Speiser Krause and stopped acting pursuant to the clients known expressed intention to complete the settlement of their cases. *See* Id. at 19, 51, 107 and 174.

On March 23, 2007, this Court ordered Guimaraes to produce additional documents which he had withheld from production. On or about April 20, 2007, Speiser Krause received five boxes of documents consisting of approximately 6,000 pages of previously withheld discovery. On April 25, 2007 Speiser Krause deposed Guimaraes. Although inferred in Speiser Krause's previous Answers, this latest round of discovery further revealed plaintiff's own failure to perform pursuant to the alleged agreement, and confirmed that any alleged consideration he claims to have provided in exchange for Speiser Krause's alleged promise to pay him, had failed. This most recent discovery thus not only crystalized the facts concerning Guimaraes' failure to perform, it also revealed his unfair, unlawful and unconscionable attempts to derail the alleged agreement between the parties, and to deprive Speiser Krause of any conceivably bargained-for exchange.

## ARGUMENT

**The Court Should Grant Defendant Leave to Amend its Answer to include an Affirmative Defense of Breach of the Covenant of Good Faith and Fair Dealing, and Breach of Contract.**

**I.** *Plaintiff has always had notice of the facts concerning his own nonperformance of the alleged contract.*

2

The additional affirmative defense in Speiser Krause's proposed Second Amended Answer simply formalizes the evidence in this case: Guimaraes stopped cooperating with Speiser Krause and with those Speiser Krause clients who wanted to accept the negotiated settlements. As set forth in the amendment, Guimaraes' own breach of the alleged contract excused Speiser Krause from any further performance of the alleged agreement, including its alleged obligation to pay Guimaraes any fee. Because proving his own performance of the alleged contract is an essential element of Guimaraes' *prima facie* contract claim, it is only in an effort to avoid future cries of surprise or undue prejudice from the plaintiff that Speiser Krause seeks to raise this issue by formal pleading amendment.

## II.   *Pleading Amendment Standards*

In order to prevail on his contract claim at trial, Guimaraes will be required to prove the elements of his causes of action as alleged in his pleading. Specifically, plaintiff's breach of contract cause asserts that he was supposed to perform any collateral legal proceedings required in Brazil, that he was to support Speiser Krause's in its litigation for its clients, and that "all conditions precedent to the institution of this action have been performed, excused or waived." FAC at ¶¶ 10, 12, 26. Speiser Krause's Answer and First Amended Answer addressed these contentions and denied or denied them upon information and belief. Apuzzo Aff. Exh. C at ¶¶10, 12, 26.

The quantum meruit claim contained in the FAC alleges that Guimaraes performed legal services at Speiser Krause's request, that Speiser Krause benefitted from these services, and that they were performed over a period of time. FAC at ¶36, 37, 38. The facts underlying this quasi contract claim are restated under an unjust enrichment theory at FAC ¶43, 44. Speiser Krause denied these

allegations. Apuzzo Aff. Exh. C at ¶36, 37, 38, 43, 44. Speiser Krause's Answer and First Amended Answer also asserted affirmative defenses of estoppel, unclean hands, and unconscionability. Apuzzo Aff., Exh. C at ¶3,4,6, 18.

In addition, Speiser Krause's interrogatory responses continued to inform plaintiff that his own alleged performance of the disputed contract was at issue in this case. By way of illustration, Guimaraes interrogated into the "actions [Guimaraes took] that [Speiser Krause] contend constituted a breach of the Fee Agreement." Apuzzo Aff., Exh. E (Plaintiff's Interrogatory #1). Speiser Krause's response identified at least six categories of such actions, advising plaintiff of his

- refusal to act on behalf of any TAM client(s),

- failure to comply with the request(s) and/or direction(s) of Speiser Krause and any TAM client(s),

- attempts to undermine the confidence of TAM clients in Speiser Krause as their attorneys,

- tortious interference in the contracts/retainers between Speiser Krause and TAM clients,

- publication of slanderous and/or libelous statements concerning Speiser Krause and its activities, and

- malicious prosecution and institution of separate fee actions against Speiser Krause's clients.

Apuzzo Aff., Exh. F (Speiser Krause's Response to Interrogatory Response #1). In the same manner, Guimaraes interrogated about matters relating to Speiser Krause's claims that he is estopped, has waived or has unclean hands which prevent his recovery under the alleged contract. Apuzzo Aff., Exh. E (Plaintiff's Interrogatory #'s 9, 10, 11). Speiser Krause duly responded, advising plaintiff of his own acts, including his:

4

- declaration that the settlements were illegal;

- seeking (and in some cases obtaining) counsel to substitute for Speiser Krause;

- refusal to file stipulations of settlement with the Brazilian courts as requested by Speiser Krause and by the TAM clients;

- seeking to enforce the judgment of the regional court of Jabaquara, Brazil in the United States without Speiser Krause's consent to this action;

- institution of suits for legal fees against clients in Brazil;

- attempts to place liens on the settlement funds in the TAM cases;

- entrance into separate retainer agreements with certain of the TAM clients to the exclusion of Speiser Krause;

- maintenance or prosecution of lawsuits for "sucumbencia" or statutory attorney's fees;

- taking actions which provided the TAM clients with grounds for terminating him "for cause";

- rejection of the settlements and urging to the clients not to accept the same; and

- causing Speiser Krause to hire other Brazilian counsel to complete the negotiated settlements.

Apuzzo Aff., Exh. F (Speiser Krause's responses to Interrogatories #'s 9, 10, 11). Based upon the foregoing, plaintiff cannot claim any unfair surprise or prejudice by virtue of the facts of his own alleged nonperformance of the alleged contract.

To the extent Speiser Krause's contentions regarding Guimaraes' activities *viz* the alleged contract are construed as requiring affirmative assertion, rather than as a proffer of evidence bearing upon plaintiff's failure prove the allegations set forth in the FAC, Federal Rule of Civil Procedure 8(c) "Affirmative Defenses" provides:

5

> In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation.

In the absence of a specifically enumerated Rule 8(c) affirmative defense, the precise boundaries of matters constituting affirmative defenses are amorphous, requiring examination of the governing substantive law to determine whether an issue is an "affirmative defense" in the context of any given case. *Moore's Federal Practice 3D* §8.07[5] LexisNexis 2006. The Federal Rules of Civil Procedure adhere to no "technical pleading form." Instead, Rule 8(e) requires allegations in pleadings to be "simple, concise, and direct." Generally speaking, affirmative defenses are required to be pleaded in order to put the opposing party on notice of their existence. *See, Blonder-Tongue Labs., Inc. v. University of Ill. Found.*, 402 U.S. 313, 350, 91 S.Ct. 1434, 28 L.Ed. 2d 788 (1978) (purpose of requiring affirmative defense to be pleaded is to give opposing party notice and chance to argue appropriateness of same).

When considering motions to assert an omitted affirmative defense by amendment, the analysis is done in conjunction with Federal Rule of Civil Procedure 15(a), which provides that leave to amend a pleading "shall be freely given when justice so requires." *Gabourel v. Bouchard Transportation Co., Inc.*, 901 F. Supp. 142, 144 (SDNY 1995).

The decision to grant leave to amend is committed to the sound discretion of the trial court. *Gabriel Capital, L.P. v. Natwest Finance, Inc.*, 137 F.Supp.2d 251, 270 (SDNY 2000). However, refusal to grant leave to amend must be justified, and consistent with the liberal amendment policy.

*Id.* ("refusal to grant leave to amend must be based on solid ground"); *McAllister Bros., Inc. v. Ocean Marine Indem. Co.*, 742 F.Supp. 70, 80 (SDNY 1989)("[u]nless there is good reason to deny a motion to amend, failure to grant it is an abuse of discretion."); *United States ex rel. Maritime Admin. v. Continental Ill. Nat'l Bank and Trust Co. of Chicago*, 889 F.2d 1248, 1254 (2d Cir. 1989)(discretion must be based on justifying reason and be consistent with liberal amendment policy). This is because pleadings are not an end in themselves, but merely a means of disposing of a controversy. *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed. 2d 80 (1957)(pleadings are not a game of skill in which "one misstep by counsel may be decisive to the outcome.").

With leave of court, pleadings may be amended at any point in a litigation up to final judgment; this comports with the liberal, pro-amendment bias that pervades Rule 15, and duly favors the airing matters on their merits. Courts routinely allow parties to amend pleadings in the absence of a showing of prejudice or bad faith. *Block v. First Blood Associates*, 988 F.2d 344 (2d Cir. 1993)("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith."); *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir.1981).

### III.  *Speiser Krause's proposed Affirmative Defense is Meritorious, and asserted in Good Faith.*

Defendant makes this motion in good faith, and as set forth above, in an abundance of caution to avoid claims of unfair surprise at trial. Defendant's affirmative defenses did not "crystalize", or become fully apparent, until after full completion of discovery. *See, e.g., Travelers Ins. Co. v. Buffalo Reinsuarnce Co.*, 1990 WL 116741 (SDNY 1990) ("Since the proposed

7

amendment is predicated, at least in part, on facts learned after the pleading stage of the litigation, the resulting delay is excusable and not the result of bad faith").

Nor can plaintiff establish that the proposed amendment is unduly prejudicial. *See International Bank v. Price Waterhouse & Co.*, 85 F.R.D. 140, 142 (S.D.N.Y.1980). The proposed amendment would not (i) require plaintiff to expend additional resources or conduct additional discovery and prepare for trial; or (ii) delay the resolution of the dispute. *See, e.g., Tokio Marine & Fire Ins. Co.*, 786 F.2d 101, 103 (2d Cir. 1986); *Strauss v. Douglas Aircraft Co.*, 404 F.2d 1152, 1157-58 (2d Cir. 1968); *Calloway v. Marvel Entertainment Group*, 110 F.R.D. 45, 48 (SDNY1986). Discovery on the contested issues has been exhausted (and exhausting).

Finally, although the merits of an affirmative defense ordinarily are not relevant to a motion to amend (*see Maritime Ventures Int'l, Inc. v. Caribbean Trading & Fidelity, Ltd.*, 689 F.Supp. 1340, 1357 (SDNY1988)), the proposed affirmative defense is not frivolous, futile or clearly lacking in merit. *See Thompson v. Gjivoje,* 687 F.Supp. 922, 924 (SDNY1988).

The amended affirmative defense sets forth Guimaraes cessation of cooperation with Speiser Krause, and contact with Speiser Krause's TAM clients in an effort to thwart the negotiated settlements. By doing so, Guimaraes breached the contract he alleges to have existed between himself and Speiser Krause, the express and/or implied terms of the alleged contract, and impaired Speiser Krause's right to receive the fruits of the alleged contract.

New York law recognizes the affirmative defense of breach of contract *(see, e.g., Marathon Enterprises, Inc. v. Schroter GMBH & Co.*, 2003 WL 355238 (SDNY 2003, Chin, D.J.); *City of New York v. 611 W. 152nd Street, Inc.*, 273 A.D.2d 125, 710 N.Y.S.2d 36 (App. Div., 1st Dept 2000). New York law also recognizes the implied covenant of good faith and fair dealing in every contract.

*Travelers Intern., A.G. v. Trans World Airlines, Inc.*, 41 F.3d 1570 (2d Cir.1994); *Leberman v. John Blair & Co.*, 880 F.2d 1555 (2d Cir.1989). The proposed affirmative defense of plaintiff's "breach of the express and/or implied terms of the alleged contract" includes the affirmative defense of breach of the implied covenant of good faith and fair dealing. *See, e.g., Payday Advance Plus Inc. v. Findwhat.com, Inc.*, 478 F.Supp.2d 496 (SDNY 2007); *Harris v. Provident Life and Acc. Ins. Co.*, 310 F3d 73, 80 (2d Cir. 2002)(A breach of the implied covenant constitutes a breach of the underlying contract). Such is a proper "defense for liability when one is sued for breach of contract by another." *Sundaram v. Brookhaven Nat'l Labs*, 424 F.Supp.2d 545, 584 (EDNY 2006).

In particular, the covenant includes a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract. *Payday Advance Plus Inc. v. Findwhat.com, Inc.*, 478 F.Supp.2d at 498; *Harris v. Provident Life and Acc. Ins. Co.*, 310 F3d at 80 (2d Cir. 2002).

## CONCLUSION

For all of the foregoing reasons, the Court should grant Speiser Krause leave to Amend its Answer to include the affirmative defense of breach of contract and breach of the covenant of good faith and fair dealing.

Dated: New York, New York
       May 31, 2007

Respectfully submitted,
Apuzzo & Chase

By: _____
WILLIAM J. APUZZO (WA-1312)
*Attorneys for Defendant*
800 Third Avenue - 8th Floor
New York, NY 10022
(212) 297-0885

9

To:    Richard E. Berman, Esq.
       Berman, Kean & Riguera, PA
       *Attorneys for Plaintiff*
       2101 W. Commercial Blvd.
       Suite 2800
       Ft. Lauderdale, FL 33309
       Tel.: (954) 735-0000