**PLAINTIFF'S REPLY TO DEFENDANT'S STATEMENT
PURSUANT TO LOCAL CIVIL RULE 56.1**

61. Admits.

62. Admits that the law firm of Engstrom, Lipscomb & Lack ("Lack") now represents the nine TAM clients at issue in this claim. Mr. Guimaraes denies that he "controls" those nine clients.

63. Admits. However, six of the nine TAM clients at issue terminated Speiser Krause in 2001, more than three years before Guimaraes filed his lawsuit against Speiser Krause. (Riguera Affd. Ex. "3" (Doc. No. SK2656, SK2660, SK2654, SK2677, SK2677, and RG00787)) Accordingly, Speiser Krause's tortious interference claim with respect to those clients is barred by the 3-year statute of limitations.

64. Denies that the materials referenced support # 64. Furthermore, Guimaraes denies that this is a statement of disputed material fact within the meaning of Local Rule 56.1(b).

65. Denies that the materials referenced support # 65.

66. Denies that the materials referenced support # 66. Furthermore, Guimaraes denies that this is a statement of disputed material fact within the meaning of Local Rule 56.1(b).

67. Admits that, after certain TAM clients became dissatisfied with the performance of Speiser Krause and the settlement that Speiser Krause advocated, those clients directed Guimaraes to interview lawyers in the United States for the purpose of replacing Speiser Krause as their counsel, and that Guimaraes did so as part of his duty and responsibility to the TAM clients. (Riguera Affd. Ex. "3", (Doc. No. SK001927-1930). Guimaraes denies that his actions were baseless, malicious or unlawful, and notes that these are legal conclusions and do not constitute statements of disputed material fact within the meaning of Local Rule 56.1(b).

68. Admits that he made statements to the media but denies they were unlawful or defamatory.

69. Admits that he submitted the affidavit dated February 6, 2001 but denies that the affidavit was false. The Brazilian authorities did not prosecute because they deemed they lacked jurisdiction, not because the accusation was false. Guimares further denies that his actions were wrongful. Under Brazilian law, Mr. Guimaraes was legally and ethically obligated to exercise his independent judgment in advising the clients whether they should accept the settlement offers negotiated by Speiser Krause, to oppose the settlements if he considered them to not be in the clients' best interests, and to report any behavior that Mr. Guimaraes considered to be illegal or unethical. (Riguera Affd., Ex. "1" (Guimaraes Dec. 7/12/07, ¶ 4)) . Moreover, such actions by Guimaraes were privileged under Brazilian law. (Riguera Affd., Ex. "4" and "5" (LEI N°8.906))

70. Admits. Under Brazilian law, Mr. Guimaraes was legally and ethically obligated to exercise his independent judgment in advising the clients whether they should accept the settlement offers negotiated by Speiser Krause, to oppose the settlements if he considered them to not be in the clients' best interests, and to report any behavior that Mr. Guimaraes considered to be illegal or unethical. (Riguera Affd., Ex. "1" (Guimaraes Dec. 7/12/07, ¶ 4)) . Moreover, such actions by Guimaraes were privileged under Brazilian law. (Riguera Affd., Ex. "4" and "5" (LEI N°8.906))

71. Admits. Under Brazilian law, Mr. Guimaraes was legally and ethically obligated to exercise his independent judgment in advising the clients whether they should accept the settlement offers negotiated by Speiser Krause, to oppose the settlements if he considered them to not be in the clients' best interests, and to report any behavior that Mr. Guimaraes considered to be illegal or unethical. (Riguera Affd., Ex. "1" (Guimaraes Dec. 7/12/07, ¶ 4)) . Moreover, such actions by Guimaraes were privileged under Brazilian law. (Riguera Affd., Ex. "4" and "5" (LEI N○8.906))

72. Admits that he submitted the affidavit dated February 6, 2001 but denies that the affidavit was false. The Brazilian authorities did not prosecute because they deemed they lacked jurisdiction, not because the accusation was false. Guimares further denies that his actions were wrongful. Under Brazilian law, Mr. Guimaraes was legally and ethically obligated to exercise his independent judgment in advising the clients whether they should accept the settlement offers negotiated by Speiser Krause, to oppose the settlements if he considered them to not be in the clients' best interests, and to report any behavior that Mr. Guimaraes considered to be illegal or unethical. (Riguera Affd., Ex. "1" (Guimaraes Dec. 7/12/07, ¶ 4)) . Moreover, such actions by Guimaraes were privileged under Brazilian law. (Riguera Affd., Ex. "4" and "5" (LEI N○8.906))

73. Admits. Under Brazilian law, Mr. Guimaraes was legally and ethically obligated to exercise his independent judgment in advising the clients whether they should accept the settlement offers negotiated by Speiser Krause, to oppose the settlements if he considered them to not be in the clients' best interests, and to report any behavior that Mr. Guimaraes considered to be illegal or unethical. (Riguera Affd., Ex. "1" (Guimaraes Dec. 7/12/07, ¶ 4)) . Moreover, such actions by Guimaraes were privileged under Brazilian law. (Riguera Affd., Ex. "4" and "5" (LEI N○8.906))

74. Admits. Under Brazilian law, Mr. Guimaraes was legally and ethically obligated to exercise his independent judgment in advising the clients whether they should accept the settlement offers negotiated by Speiser Krause, to oppose the settlements if he considered them to not be in the clients' best interests, and to report any behavior that Mr. Guimaraes considered to be illegal or unethical. (Riguera Affd., Ex. "1" (Guimaraes Dec. 7/12/07, ¶ 4)) . Moreover, such actions by Guimaraes were privileged under Brazilian law. (Riguera Affd., Ex. "4" and "5" (LEI N○8.906))

75. Admits. Under Brazilian law, Mr. Guimaraes was legally and ethically obligated to exercise his independent judgment in advising the clients whether they should accept the settlement offers negotiated by Speiser Krause, to oppose the settlements if he considered them to not be in the clients' best interests, and to report any behavior that Mr. Guimaraes considered to be illegal or unethical. (Riguera Affd., Ex. "1" (Guimaraes Dec. 7/12/07, ¶ 4)) . Moreover, such actions by Guimaraes were privileged under Brazilian law. (Riguera Affd., Ex. "4" and "5" (LEI N○8.906))

76. Admits. Under Brazilian law, Mr. Guimaraes was legally and ethically obligated to exercise his independent judgment in advising the clients whether they should accept the settlement offers negotiated by Speiser Krause, to oppose the settlements if he considered them to not be in the clients' best interests, and to report any behavior that Mr. Guimaraes considered to be illegal or unethical. (Riguera Affd., Ex. "1" (Guimaraes Dec. 7/12/07, ¶ 4)) . Moreover, such actions by

      Guimaraes were privileged under Brazilian law. (Riguera Affd., Ex. "4" and "5" (LEI N°8.906))

77. Admits. Under Brazilian law, Mr. Guimaraes was legally and ethically obligated to exercise his independent judgment in advising the clients whether they should accept the settlement offers negotiated by Speiser Krause, to oppose the settlements if he considered them to not be in the clients' best interests, and to report any behavior that Mr. Guimaraes considered to be illegal or unethical. (Riguera Affd., Ex. "1" (Guimaraes Dec. 7/12/07, ¶ 4)) . Moreover, such actions by Guimaraes were privileged under Brazilian law. (Riguera Affd., Ex. "4" and "5" (LEI N°8.906))

78. Denies that the materials referenced support #78 and further denies that he falsely reported anything concerning Speiser Krause.

79. Admits. Under Brazilian law, Mr. Guimaraes was legally and ethically obligated to exercise his independent judgment in advising the clients whether they should accept the settlement offers negotiated by Speiser Krause, to oppose the settlements if he considered them to not be in the clients' best interests, and to report any behavior that Mr. Guimaraes considered to be illegal or unethical. (Riguera Affd., Ex. "1" (Guimaraes Dec. 7/12/07, ¶ 4)) . Moreover, such actions by Guimaraes were privileged under Brazilian law. (Riguera Affd., Ex. "4" and "5" (LEI N°8.906))

80. Admits. Under Brazilian law, Mr. Guimaraes was legally and ethically obligated to exercise his independent judgment in advising the clients whether they should accept the settlement offers negotiated by Speiser Krause, to oppose the settlements if he considered them to not be in the clients' best interests, and to report any behavior that Mr. Guimaraes considered to be illegal or unethical. (Riguera Affd., Ex. "1" (Guimaraes Dec. 7/12/07, ¶ 4)) . Moreover, such actions by Guimaraes were privileged under Brazilian law. (Riguera Affd., Ex. "4" and "5" (LEI N°8.906))

81. Denies that the materials referenced support # 81. Guimaraes did not draft the letters, but rather asked that the OAB draft the letter.

82. Admits. Under Brazilian law, Mr. Guimaraes was legally and ethically obligated to exercise his independent judgment in advising the clients whether they should accept the settlement offers negotiated by Speiser Krause, to oppose the settlements if he considered them to not be in the clients' best interests, and to report any behavior that Mr. Guimaraes considered to be illegal or unethical. (Riguera Affd., Ex. "1" (Guimaraes Dec. 7/12/07, ¶ 4)) . Moreover, such actions by Guimaraes were privileged under Brazilian law. (Riguera Affd., Ex. "4" and "5" (LEI N°8.906))

83. Admits. Under Brazilian law, Mr. Guimaraes was legally and ethically obligated to exercise his independent judgment in advising the clients whether they should accept the settlement offers negotiated by Speiser Krause, to oppose the settlements if he considered them to not be in the clients' best interests, and to report any behavior that Mr. Guimaraes considered to be illegal or unethical. (Riguera Affd., Ex. "1" (Guimaraes Dec. 7/12/07, ¶ 4)) . Moreover, such actions by Guimaraes were privileged under Brazilian law. (Riguera Affd., Ex. "4" and "5" (LEI N°8.906))

84. Admits. Under Brazilian law, Mr. Guimaraes was legally and ethically obligated to exercise his independent judgment in advising the clients whether they should accept the settlement offers negotiated by Speiser Krause, to oppose the settlements if he considered them to not be in the clients' best interests, and to report any behavior that Mr. Guimaraes considered to be illegal or unethical. (Riguera Affd., Ex. "1" (Guimaraes Dec. 7/12/07, ¶ 4)) . Moreover, such actions by Guimaraes were privileged under Brazilian law. (Riguera Affd., Ex. "4" and "5" (LEI N○8.906))

85. Denies that the materials referenced support # 85. Guimaraes testified that the quoted statements were not direct quotes, but rather were written by the author of the article. Under Brazilian law, Mr. Guimaraes was legally and ethically obligated to exercise his independent judgment in advising the clients whether they should accept the settlement offers negotiated by Speiser Krause, to oppose the settlements if he considered them to not be in the clients' best interests, and to report any behavior that Mr. Guimaraes considered to be illegal or unethical. (Riguera Affd., Ex. "1" (Guimaraes Dec. 7/12/07, ¶ 4)) . Moreover, such actions by Guimaraes were privileged under Brazilian law. (Riguera Affd., Ex. "4" and "5" (LEI N○8.906))

86. Denies that the materials referenced support # 86. Guimaraes testified that the quoted statements were not direct quotes, but rather were written by the author of the article. Under Brazilian law, Mr. Guimaraes was legally and ethically obligated to exercise his independent judgment in advising the clients whether they should accept the settlement offers negotiated by Speiser Krause, to oppose the settlements if he considered them to not be in the clients' best interests, and to report any behavior that Mr. Guimaraes considered to be illegal or unethical. (Riguera Affd., Ex. "1" (Guimaraes Dec. 7/12/07, ¶ 4)) . Moreover, such actions by Guimaraes were privileged under Brazilian law. (Riguera Affd., Ex. "4" and "5" (LEI N○8.906))

87. Admits that the quoted statement appears in the article, but denies that the statements were defamatory. Under Brazilian law, Mr. Guimaraes was legally and ethically obligated to exercise his independent judgment in advising the clients whether they should accept the settlement offers negotiated by Speiser Krause, to oppose the settlements if he considered them to not be in the clients' best interests, and to report any behavior that Mr. Guimaraes considered to be illegal or unethical. (Riguera Affd., Ex. "1" (Guimaraes Dec. 7/12/07, ¶ 4)) . Moreover, such actions by Guimaraes were privileged under Brazilian law. (Riguera Affd., Ex. "4" and "5" (LEI N○8.906))

88. Admits that he considered the settlement offers unlawful because they were accompanied by false statements by Speiser Krause that the case in the case in the United States was lost. (Guimaraes Dep. 11/2/05 p. 77-79; Guimaraes 11/17/05 Dep. p. 61-62; Freitas Dep. p. 36-37).

89. Admits that to date Speiser Krause has not been charged with a crime but denies that his accusations in this regard are false or recklessly defamed Speiser Krause. Guimaraes at all times believed his accusations were true in that he has personal knowledge that Speiser Krause falsely told the clients that the case in the United States was lost. (Guimaraes Dep. 11/2/05 p. 77-79; Guimaraes 11/17/05 Dep. p. 61-62; Freitas Dep. p. 36-37). The Brazilian authorities did not prosecute at that time because they deemed they lacked jurisdiction, not because the accusation was false. Mr. Guimaraes

also brought criminal charges against Speiser Krause for disloyal legal representation in violation of Brazilian Penal Code Art. 355 due to Speiser Krause's opposition to the enforcement of the Letters Rogatory in 2001 which sought to enforce financial support payments awarded to the families in the Jabaquara Judgment. The investigation into this charge is ongoing. (Riguera Affd., Ex. "10"-"11")

90. Denies that the materials referenced support # 90. Guimaraes did not admit that his statements concerning Speiser Krause were defamatory.

91. Denies that he made reckless, untrue accusations. Guimaraes at all times believed his accusations were true in that he has personal knowledge that Speiser Krause falsely told the clients that the case in the United States was lost. (Guimaraes Dep. 11/2/05 p. 77-79; Guimaraes 11/17/05 Dep. p. 61-62; Freitas Dep. p. 36-37).

92. Admits.

93. Admits that, after certain TAM clients became dissatisfied with the performance of Speiser Krause and the settlement that Speiser Krause advocated, those clients directed Guimaraes to interview lawyers in the United States for the purpose of replacing Speiser Krause as their counsel, and that Guimaraes did so as part of his duty and responsibility to the TAM clients. (Riguera Affd. Ex. "3", (Doc. No. SK001927-1930)

94. Admits that, after certain TAM clients became dissatisfied with the performance of Speiser Krause and the settlement that Speiser Krause advocated, those clients directed Guimaraes to interview lawyers in the United States for the purpose of replacing Speiser Krause as their counsel, and that Guimaraes did so as part of his duty and responsibility to the TAM clients. (Riguera Affd. Ex. "3", (Doc. No. SK001927-1930)

95. Admits that, after certain TAM clients became dissatisfied with the performance of Speiser Krause and the settlement that Speiser Krause advocated, those clients directed Guimaraes to interview lawyers in the United States for the purpose of replacing Speiser Krause as their counsel, and that Guimaraes did so as part of his duty and responsibility to the TAM clients. (Riguera Affd. Ex. "3", (Doc. No. SK001927-1930)

96. Admits that, after certain TAM clients became dissatisfied with the performance of Speiser Krause and the settlement that Speiser Krause advocated, those clients directed Guimaraes to interview lawyers in the United States for the purpose of replacing Speiser Krause as their counsel, and that Guimaraes did so as part of his duty and responsibility to the TAM clients. (Riguera Affd. Ex. "3", (Doc. No. SK001927-1930)

97. Denies that the materials referenced support # 97. Guimaraes testified that those clients trusted him, not that he "had control over" them.

Guimaraes v. Speiser Krause
Case No.: 05-CV-2210(DC)

98. Admits.

99. Admits.

100. Denies.

101. Admits.

102. Admits.

103. Admits.

104. Denied.

105. Admits.

106. Admits.

107. Admits.

108. Denies.

109. Admits.

110. Admits.

111. Admits.

112. Denies.

113. Admits.

114. Admits.

115. Admits.

116. Denies.

117. Admits.

118. Admits.

119. Admits.

Guimaraes v. Speiser Krause
Case No.: 05-CV-2210(DC)

120. Denies.

121. Admits.

122. Admits.

123. Admits.

124. Denies.

125. Admits.

126. Admits.

127. Admits.

128. Denies.

129. Admits.

130. Admits.

131. Admits.

132. Denies.

133. Admits.

134. Admits.

135. Admits.

136. Denies.

137. Admits.

138. Admits.

139. Admits.

140. Denies.

141. Admits.

Guimaraes v. Speiser Krause<br>Case No.: 05-CV-2210(DC)

142. Admits that Speiser Krause tortiously interfered with Guimaraes' representation of clients in the Varig crash. Denies that he employed wrongful means to interfere with Speiser Krause.

143. Admits.

144. Admits.

145. Admits.

146. Denies that the materials referenced support # 146 and further denies that his actions were malicious.

147. Denies that the materials referenced support # 147 and further denies that he libeled Speiser Krause.